**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
District of Oregon
**KATHLEEN L. BICKERS, OSB #85151**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204
Telephone: (503) 727-1000
Facsimile Telephone: (503) 727-1117
Internet E-mail Address: kathleen.bickers@usdoj.gov
      Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Civil No.   18-CV-502 |
|       **Plaintiff,** | **COMPLAINT**<br>Claim for Debt |
|    v. | |
| **SANDRA BREZOVSKY,** | |
|       **Defendant.** | |

Plaintiff, United States of America, acting herein by the United States Attorney for the

District of Oregon, complains and alleges:

1. That this action is brought by the United States of America, with jurisdiction provided

by 28 U.S.C. Section 1345.

PAGE 1 - COMPLAINT

2. That defendant, Sandra Brezovsky, is a resident of the State of Oregon within the Court's jurisdiction.

3. As to Count 1, defendant is indebted to plaintiff in the principal amount of $3,449.81, plus interest on this principal computed at the rate of 8 percent per annum in the amount of $4,460.53 as of August 29, 2017, and interest continuing thereafter on this principal at the rate of 8 percent annum, until the date of judgment. See Exhibit A - Certificate of Indebtedness, Exhibit B - Promissory Note, and Exhibit C - Indemnification Agreement attached hereto and incorporated herein.

4. As to Count 2, defendant is indebted to plaintiff in the principal amount of $8,900.61, plus interest on this principal computed at the rate of 4.47 percent per annum in the amount of $7,641.59 as of August 29, 2017, and interest continuing thereafter on this principal at the rate of 4.47 percent annum, until the date of judgment. See Exhibit D - Certificate of Indebtedness, Exhibit E - Promissory Note, and Exhibit F - Indemnification Agreement attached hereto and incorporated herein.

5. As to Count 3, defendant is indebted to the plaintiff in the principal amount of $1,620.32, plus interest on this principal computed at the rate of 4.08 percent per annum in the amount of $1,294.86 as of August 29, 2017, and interest continuing thereafter on this principal at the rate of 4.08 percent annum, until the date of judgment. See Exhibit G - Certificate of Indebtedness, Exhibit H - Promissory Note, and Exhibit I - Indemnification Agreement attached hereto and incorporated herein.

6. As to Count 4, defendant is indebted to plaintiff in the principal amount of $8,288.98, plus interest on this principal computed at the rate of 4.32 percent per annum in the amount of $7,650.14 as of August 29, 2017, and interest continuing thereafter on this principal at the rate of

PAGE 2 - COMPLAINT

4.32 percent annum, until the date of judgment.    See Exhibit J - Certificate of Indebtedness, Exhibit K - Promissory Note, and Exhibit I - Indemnification Agreement attached hereto and incorporated herein.

7.    As to Count 5, defendant is indebted to the plaintiff in the principal amount of $31,475.41, plus interest on this principal computed at the rate of 4.08 percent per annum in the amount of $25,021.44 as of August 29, 2017, and interest continuing thereafter on this principal at the rate of 4.08 percent annum, until the date of judgment.    See Exhibit M - Certificate of Indebtedness, Exhibit N - Promissory Notes, and Exhibit O - Indemnification Agreements attached hereto and incorporated herein.

8.    Demand has been made upon the defendant by the plaintiff for the sum due but the amount due remains unpaid.

Wherefore, as to Count 1, plaintiff prays judgment against the defendant for the total of $7,910.34, inclusive of interest of $4,460.53 at 8 percent per annum on the principal of $3,449.81 which has accrued as of August 29, 2017, and will continue to accrue until date of judgment.

Wherefore as to Count 2, plaintiff prays judgment against the defendant for the total of $16,542.20, inclusive of interest of $7,641.59 at 4.47 percent per annum on the principal of $8,900.61 which has accrued as of August 29, 2017, and will continue to accrue until date of judgment.

Wherefore as to Count 3, plaintiff prays judgment against the defendant for the total of $2,915.18, inclusive of interest of $1,294.86 at 4.08 percent per annum on the principal of $1,620.32 which has accrued as of August 29, 2017, and will continue to accrue until date of judgment.

Wherefore, as to Count 4, plaintiff prays judgment against the defendant for the total of $15,939.12, inclusive of interest of $7,650.14 at 4.32 percent per annum on the principal of $8,288.98 which has accrued as of August 29, 2017, and will continue to accrue until date of judgment.

Wherefore, as to Count 5, plaintiff prays judgment against the defendant for the total of $56,496.85, inclusive of interest of $25,021.44 at 4.08 percent per annum on the principal of $31,475.41 which has accrued as of August 29, 2017, and will continue to accrue until date of judgment.

Plaintiff further demands, pursuant to 28 U.S.C., Section 1961, that interest on the judgment be at the legal rate until paid in full.

Dated this _____ 23rd _____ day of March, 2018.

BILLY J. WILLIAMS
United States Attorney
District of Oregon


KATHLEEN L. BICKERS
Assistant United States. Attorney

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #1 OF 5

Sandra K. Brezovsky
Aka: Sandra Kay Brezovsky, Sandra Brezovsky, Sandra
Kay McDonald, Sandra McDonald, Sandra K. McDonald
26886 State Hwy 38
Scottsburg, OR 97473-9703
Account No. XXXXX7955

I certify that U.S. Department of Education records show that the BORROWER named above is indebted
to the United States in the amount stated below plus additional interest from 08/28/17.

On or about 01/14/91, the BORROWER executed promissory note(s) to secure loan(s) of $2,625.00 from
Valley National Bank. This loan was disbursed for $2,625.00 on 01/24/91 through 06/18/91 at 8%
interest per annum. The loan obligation was guaranteed by United Student Aid Funds, Inc., and then
reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of
the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder
demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal
owed on the loan. The BORROWER defaulted on the obligation on 06/29/01, and the holder filed a
claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $3,449.81 to the holder. The
guarantor was then reimbursed for that claim payment by the Department under its reinsurance
agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire
amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt
from the BORROWER. The guarantor was unable to collect the full amount due, and on 09/19/07,
assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources,
including Treasury Department offsets, if any, to the balance. After application of these payments, the
BORROWER now owes the United States the following:

Principal:      $3,449.81
Interest:       $4,460.53

Total debt as of 08/28/17:      $7,910.34

Interest accrues on the principal shown here at the rate of $0.76 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 10 / 26 / 17

Loan Analyst
Litigation Support Unit

Philippe Guillon
Loan Analyst

U.S. v. Sandra Brezovsky                    Complaint                    Exhibit A

ARIZONA EDUCATIONAL LOAN PROGRAM
**Application and Promissory Note for a Guaranteed Student Loan**

JAN 15 1991

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 USC 1097. **05 046**

SN– Y–000004–93 D

**SECTION I — TO BE COMPLETED BY THE STUDENT — READ THE INSTRUCTIONS — TYPE OR PRINT IN INK**

**1A** Social Security Number -7955
**1B** Correct item 1A in this space
**2A** Last Name, First, M.I., Permanent Home Address
McDonald, Sandra K.
p. O. Box 3/373
Flagstaff, AZ 86003 - 1373
**2B** Correct Item 2A in this space — Name / Address / City, State, Zip

**3** Birthdate 5/3/57
**4** Driver's License State AZ No. T211779
**5** Area Code/Phone No. 602-779-6079
**6** U.S. Citizenship Status (check one) ☑ 1 Citizen ☐ 2 Non-Citizen — Alien ID No.

**7** References — You must provide separate adult references with addresses (carefully read instructions).

| | Name | Street, City, State, Zip | Area Code/Phone No. | Employer |
|---|---|---|---|---|
| A | Mary Stark | | | |
| B | Cindy Stark | | | |
| C | Mark Brezovski | | | |

**8** Intended Enrollment Status (check one) ☑ 1 Full-time ☐ 2 At least half-time
**9** Major Course of Study Medical Asst
**10** Requested Loan Amount 2625 .00
**11** Loan Period For Mo. Yr. From 12-90 To 12-91

**12** Have you ever defaulted on an Education Loan? (check one) If yes, carefully read instructions. ☐ 1 Yes ☒ 2 No
**13** Do you have any unpaid student loans? (check one) If yes, carefully read instructions. If no, complete 13A through 13E with zeroes. ☐ 1 Yes ☒ 2 No

**13A** Total unpaid balance of your most recent GSL. —0— .00
**13B** Interest rate on your most recent GSL. —0— %
**13C** Grade level of your most recent GSL —0—
**13D** Beginning and ending dates of your most recent GSL Mo. Yr. From —0— To —0—

**13E** Total unpaid balance of all your Guaranteed Student Loans or any portion of that loan included in your Consolidation Loan. —0— .00
**14** Name and Address of Previous Lender, if any. —0—

PLEASE INDICATE NAME OF LENDER YOU WISH TO PROCESS THIS LOAN **V.N.B.**

PERMANENT RESIDENT OF (STATE) **Arizona**

**Promissory Note for a Guaranteed Student Loan**
I. Promise To Pay. I, the undersigned borrower promise to pay you or your order when the note becomes due a sum certain equal to the loan amount I have requested in Section I, item 10 of this Application or any lesser amount which will be disclosed to me in the Notice of Loan Guarantee and Disclosure Statement or the amount advanced to me, plus interest and any other charges which may become due as provided in Paragraph VI. My signature certifies that I have read, understood and agreed to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side and the legally required information highlighted in the application booklet.

I understand that this is a promissory note. I will not sign this Promissory Note before reading it including the writing on the reverse side, even if otherwise advised. As a borrower, I am entitled to an exact copy of this Promissory Note, the Notice of Loan Guarantee and Disclosure Statement, and any agreement I sign. By signing this Promissory Note I, the borrower, acknowledge that I have received an exact copy of this note.

**19A** X Signature of Student Borrower Sandra McDonald 1-14-91
Notice to Student: Terms of the Promissory Note continue on the reverse side.
Retain Copy D for your records.

**SECTION II — TO BE COMPLETED BY THE SCHOOL**

**20** Name and Address of School
Arizona Academy
2575 E. 7th Ave.
Flagstaff, AZ 86004

**21** School Code 022112
**22** Area Code/Phone No. 602/526-6359
**23A** Grade Level Code 1
**23B** Correct Item 23A in this space

**24A** Anticipated Completion Date 12-91
**24B** Correct item 24A in this space
**25** Enrollment Period Covered by Loan Mo. Day Yr. Mo. Day Yr. 12 18 90  12 18 91

**26** Family Adjusted Gross Income —0— .00
**27** Estimated Cost of Attendance For Loan Period 3054 .00
**28** Estimated Financial Aid for Loan 1789 .00
**29A** Expected Family Contribution 1200 .00
**30** Difference (27 minus the sum of 28 plus 29) 10065 .00
**29B** Correct Item 29A in this space

**31** Recommended Disbursement Date Mo. Day Yr. Mo. Day Yr. Mo. Day Yr. 01 18 91  06 18 91

I have read and understand the terms of the school certification printed on the back of the application. Signature of Authorized Fin. Aid Director [signature]
Type or Print Name and Title SANS M. SCHRADER ✓ FAO
Date 01-17-91

**SECTION III — TO BE COMPLETED BY THE LENDER**

**31** Name and Address of lending institution.
**35** Loan Amount Approved .00
**36** Interest Rate %
**37** Fee

This application has been heretofore transmitted

**38** Lender Code
**39** Anticipated Disbursement Date(s) Mo. Day Yr. Mo. Day Yr.
**40** Signature of Authorized Lending Official
**41** Area Code/Phone No.
**42** For Lender Use Only

Type or Print Name and Title    Date

Poor Source Original
Document Retained

© Copyright 1987 USA Funds, Inc. All rights reserved.
This form is to be used only by USA Funds or the guarantor it serves as identified above.
LENDER COPY A

"I DECLARE UNDER PENALTY OF
PERJURY THAT THE FOLLOWING IS
TRUE AND CORRECT COPY OF THE
ORIGINAL PROMISSORY NOTES"

CHRISTOFER T. LYON
MANAGING DIRECTOR OF SALLIE MAE
SERVICING INC. AND AUTHORIZED AGENT
FOR UNITED STUDENT AID FUNDS.

DATE _____ 7-13-07

I certify this copy to
be a True and Exact
Copy of the original.

## Additional Terms of the Promissory Note for a Guaranteed Student Loan

**II. Date Note Comes Due.** I will repay this loan: 1) in periodic installments beginning no later than the end of my grace period as disclosed to me in the Notice of Loan Guarantee and Disclosure Statement; or 2) in full immediately if I fail to enroll at and attend the school which certified this application for the academic period intended, in which case I will not be eligible for a grace period. During the grace period, I may request that repayment may begin before my grace period ends.

**III. Interest.** I agree to pay an amount equivalent to simple interest on the unpaid principal balance from the date you advance the loan until the loan is paid in full. If I have an outstanding Student Loan(s) with an interest rate of 7%, 8% or 9%, the interest rate on this loan will be the same as that on my outstanding loan(s). If I have no outstanding Guaranteed Student Loan, the interest rate on this loan will be 8%. The Notice of Loan Guarantee and Disclosure Statement identifies the applicable interest rate for this loan. The Secretary of Education (Secretary) will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event this interest on this loan is payable by the Secretary, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.

Once the repayment period begins I will be responsible for payment of all the interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.

The lender may add any interest to the unpaid principal balance of this loan that is not paid when it is due, in accordance with regulations of the guarantor governing this loan that the GSLP. All payments will be made to your address as specified on the Notice of Loan Guarantee and Disclosure Statement or to any other address you notify me of.

**IV. Origination and Guarantee Fees.** I will pay to you an origination fee not to exceed the percentage of the loan amount that is authorized by Federal law. You will deduct this fee proportionately from each disbursement of principal of this loan. I will also pay you an amount equal to the guarantee fee that you are required to pay to the guarantor for this loan. I am entitled to a refund of the origination and guarantee fee paid in respect to this note, if I pay back this note in full within 120 days of disbursement or I return the uncashed loan check to you. The amount of the origination and guarantee fees will be disclosed to me on the Notice of Loan Guarantee and Disclosure Statement.

**V. Default.** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once if I fail to make an installment payment when due, or to meet other terms of the promissory note under circumstances where the guarantor finds it reasonable to conclude that I no longer intend to honor the obligation to repay, provided that this failure persists for 180 days for a loan repayable in monthly installments, or 240 days for a loan repayable in less frequent installments. After sending such notice to me, you will have the right, without further notice, to take the outstanding balance out of my checking and/or savings account I have with you. If not prohibited by law, but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me. If I default, I will still be required to pay interest on this loan as provided in Interest, Paragraph III from the date of default. The Lender, holder or guarantor may disclose to schools I have attended (or am currently attending) the information about the default and I will be ineligible to receive assistance from any of the following federal programs: Pell Grant, Byrd Scholarship; Supplemental Education Opportunity Grant, College Work-Study, State Student Incentive Grant; Perkins Loan (formerly called National Direct Student Loans), Guaranteed Student Loan; Supplemental Student Loans (SLS), PLUS Loans, or an Income Contingent Loan or Consolidation Loans. A default also makes me ineligible for the benefits; if any, which I may qualify for as described under Deferment, Paragraph VIII and under Interest, Paragraph III. If this loan is referred for collection to any agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs.

**VI. Late Charges and Collection Costs.** If any required installment payment has not reached you within 10 days after its due date or if I fail to provide written evidence that verifies my eligibility to have the payment deferred as described under Deferment, Paragraph VIII, you may, if permitted by law, bill me for a late charge at the maximum rate permitted which rate charged shall not exceed six cents for each dollar of each late installment. If I fail to pay any of these amounts when they are due, I will pay all charges and other costs, including the statutorily authorized fees of an outside attorney and court

costs that are permitted by Federal law and regulations for the collection of this loan, which you incur in collecting this loan.

**VII. Additional Agreements.** The proceeds of this loan will be sent to the school listed on my application and be used only for educational expenses. Any notice required to be given to me will be effective when mailed by first class mail to the latest address I have for me. Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing. If the guarantor is required under its guarantee to repay my loan(s) because I have defaulted, the guarantor will become the owner of this Note and ta my creditor will have all the rights of the original Lender to enforce this Note against me. I understand that I must repay this Note even though I may be under 18 years of age. This Note is not effective until it is accepted by you. If the borrower becomes totally and permanently disabled, or dies, his or her obligation to repay this loan will be cancelled from default. I agree to notify you of a change in my name, address or any applicable school enrollment status within 10 days. I have not made any false written statement with regard to the loan. If any provision of this Note is determined to be unenforceable or is prohibited by law, such provision shall be considered ineffective without invalidating the remaining provisions of this Note. In this Note the words I, me, and my mean the borrower identified in Item 2 of Section I of the Application and any cosigner of this Note. You, your and yours mean the Lender and any other owner of this Note.

**VIII. Deferment.** I am entitled to deferments under the Higher Education Act, as amended and its regulations. In order to receive a deferment, I must request the deferment and provide you with all documentation required to establish my eligibility. I understand that I must notify you when the condition entitling me to the deferment no longer exists. My eligibility for a deferment will be determined by the information highlighted in the Application Booklet.

**IX. Repayment.** I will repay the total amount due on this Promissory Note in periodic installments, with interest on the unpaid balance from the date of this Promissory Note until the loan is paid in full. I will repay this loan over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:

1. If, during the grace period, I request a shorter repayment period, the Lender may grant me a shorter period.
2. The Lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I — or, if both my spouse and I have GSL, PLUS or SLS program loans outstanding — we pay toward principal and interest at least $600 or the unpaid balance of all such loans (plus interest), whichever is less;
3. If I qualify for postponement of my payments during any period described under DEFERMENT in this Promissory Note, or if the Lender grants "forbearance," those periods will not be included in the 5- and 10-year periods mentioned above.

The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as repayment schedule; that the Lender will provide to me, normally just before the repayment period begins. I further agree that the lender may grant me a forbearance for the purpose of aligning the first payment date of this Loan with other loans reflected on my repayment schedule.

**X. Prepayment.** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**XI. Credit Bureau Notification.** Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If I default on this loan, the lender, holder or guarantor will also report the default to credit bureau organizations.

This may significantly and adversely affect my ability to obtain other credit.

The lender, holder or guarantor must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations unless I enter into repayment on the loan within 30 days.

The lender must provide a timely response to a request from any credit bureau organization regarding objections. I might raise with that organization and completeness of information reported about me.

## Borrower Certification

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. 1, the borrower, certify that the information contained in Section I of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the Lender any refund which may be due me up to the amount of this loan. I further authorize any school that I may attend to release to the lending institution, subsequent holder, guarantor, U.S Department of Education, or their agents, any requested information pertinent to this loan (e.g. employment, enrollment status, current address). I certify that the proceeds of any loan made as a result of this application will be used for educational expenses for the loan period covered by this application at the school named in Section II. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at that school for the loan period stated in Item 2S. I certify that the total amount of loans received under the Guaranteed Student Loan Program, Title IV, Part B (P.L. 89-329) as amended, will not exceed the allowable maximums. I further certify that I do not now owe a refund on a Pell Grant, Byrd Scholarship, Supplemental Grant, or State

Student Incentive Grant and am not now in default on a Perkins Loan Program (formerly called National Direct Student Loan) or a Federally Insured Student Loan or a PLUS/ALAS/SLS loan or an Income Contingent Loan or a Consolidation Loan unless I have otherwise indicated in Item 12 of this Application. I further authorize my Lender to issue a check covering the proceeds of my loan, in full, or in part, made payable to me, or at the Lender's option, jointly payable to me and the school, and sent to the school named in Section II.

I, the student borrower, understand that I will receive a Notice of Loan Guarantee and Disclosure Statement that identifies my loan amount (as determined by the Lender), the fee amounts, disbursement dates, grace period, interest rate and late charges. I, the student borrower, understand and agree that if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on the Application and Promissory Note, the information on the Notice of Loan Guarantee and Disclosure Statement applies.

Poor Source Original
Document Retained


**USAFunds**

UNITED STUDENT AID FUNDS, INC.
C/O SALLIE MAE, INC.
P.O. BOX 6108
INDIANAPOLIS IN 46206-6108

## IDEMNIFICATION AGREEMENT FOR THE ASSIGNMENT OF FEDERAL FAMILY EDUCATION LOAN WITH DAMAGED PROMISSORY NOTE OR PROMISSORY NOTE WITH UNINITIALED ALTERATIONS

Borrower's Current Name:    BREZOVSKY SANDRA K
                            (Last, First, Middle)

Borrower's Previous Name:   _____
                            (Last, First, Middle)

Borrower's Correct SSN:     ████-7955

First Disbursement Date:    01/24/1991

Last Disbursement Date:     06/18/1991

Disbursement Amount:        $2,625.00

In assigning Stafford Student Loans/Supplemental Loans for Students/Parent (PLUS) Loans/Consolidated Loans to the Secretary of Education (hereinafter "the Secretary"), United Student Aid Funds, Inc. (hereinafter "Guaranty Agency") agrees that if any loan assigned to the Secretary by the Guaranty Agency without an original promissory note or certified true copy in good condition should become uncollectible by reason of such damaged promissory note or because it contains alterations without the borrower's intials, or if the Secretary, in his sole descretion, determines that the loan cannot be enforced because of the damaged or altered promissory note, the Secretary is entitled to recover from the Guaranty Agency the amount of reinsurance attributable to such loan previously paid to the Guaranty Agency, plus interest from the date the reinsurance was paid. The Secretary may recover amounts due under this agreement by withholding such amounts from any payments due to the Guaranty Agency from the Department of Education.

The Guaranty Agency also agrees that the assignment of any loan covered by this Agreement includes the assignment to the Secretary of any rights held by the Guaranty Agency under any indemnification agreement or warranty executed by the lender in favor of the Guaranty Agency (lender indemnification agreement). In the event the Secretary recovers from the Guaranty Agency the amount paid in reinsurance for a loan covered by the agreement, the Secretary will release to the Guaranty Agency his rights in the applicable lender indemnification agreement.

06/13/2007                  _____
DATE                        Signature of Guaranty Agency Official

                            Kristofer Lyon
                            Vice President DMO Portfolio Management
                            as authorized agent for
                            United Student Aid Funds, Inc.

DSUAUS

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #2 OF 5

Sandra K. Brezovsky
Aka: Sandra Kay Brezovsky, Sandra Brezovsky,
Sandra Kay McDonald, Sandra McDonald, Sandra K.
McDonald
26886 State Hwy 38
Scottsburg, OR 97473-9703
Account No. XXXXX7955

I certify that U.S. Department of Education records show that the BORROWER named above is indebted
to the United States in the amount stated below plus additional interest from 08/28/17.

On or about 02/07/91, the BORROWER executed promissory note(s) to secure loan(s) of $4,000.00 from
Valley National Bank, Phoenix, AZ. This loan was disbursed for $4,000.00 on 02/13/91 through 04/12/91
at a variable rate of interest to be established annually by the Department of Education. The loan
obligation was guaranteed by United Student Aid Funds, Inc., and then reinsured by the Department of
Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of
1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according
to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The
BORROWER defaulted on the obligation on 11/16/00, and the holder filed a claim on the loan
guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $8,900.61 to the holder. The
guarantor was then reimbursed for that claim payment by the Department under its reinsurance
agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire
amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt
from the BORROWER. The guarantor was unable to collect the full amount due, and on 09/19/07,
assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources,
including Treasury Department offsets, if any, to the balance. After application of these payments, the
BORROWER now owes the United States the following:

Principal:              $8,900.61
Interest:               $7,641.59
Total debt as of 08/28/17:      $16,542.20

Interest accrues on the principal shown here at the current rate of 4.47% and a daily rate of $1.09
through June 30, 2018, and thereafter at such rate as the Department establishes pursuant to section
427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on:  10 / 26 / 17

Loan Analyst
Litigation Support Unit

**Philippe Guillon**
**Loan Analyst**

ARIZONA EDUCATIONAL LOAN PROGRAM

**Application and Promissory Note for a PLUS/SLS Loan**

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 USC 1097. 06845

PL- Y-000004-93 D

**SECTION IA—TO BE COMPLETED BY THE BORROWER—READ THE INSTRUCTIONS—TYPE OR PRINT IN INK**

| 1 Social Security Number | 2 Last Name, First, M.I., Permanent Home Address | 3 Birthdate |
|---|---|---|
| -7955 | McDonald Sandra KAY | |

Driver's License State A2 No. T211779   P O B 31373   Flagstaff AZ 86003-1378   6 Area Code/Telephone Number 602 779-607A

4 U.S. Citizenship Status (Check one) ☒ 1 Citizen ☐ 2 Eligible Non-Citizen  Alien ID No.

| 5 Requested Loan Amount 000 .00 | 6 Have you ever defaulted on an education loan? (Check one) If yes, carefully read instructions. ☐ 1 Yes ☒ No | 7 Do you have any unpaid PLUS/SLS Loans for the student identified in Section 1B? If yes, enter the number only for the student identified in 1B. If no, complete 9A through 9D with zeroes. ☐ 1 Yes ☒ 2 No |
|---|---|---|

| 8 Unpaid balance of your most recent PLUS/SLS Loan. 0 | 9B Grade level of your most recent PLUS/SLS Loan. 0 | 9C Beginning and ending dates of your most recent PLUS/SLS Loan. Mo. Yr. Mo. Yr. 0 | 9D Enter the total unpaid balance you owe on all your PLUS/SLS Loans, or any portion of these loans included in your Consolidation Loan. (Carefully read instructions.) 0 |
|---|---|---|---|

10 References—You must provide 3 separate adult references with different addresses. If your Lender requires a cosigner make the cosigner your first reference. (Carefully read instructions.)

| Name | C.... Sla+k | Name Mark Krevosky | Name Anthony Brevosky |
|---|---|---|---|
| Street Address | | | |
| City, State, Zip | | | |
| Telephone | (6..) ... | | |
| Employer | | | |

11 If you qualify for a deferment, do you wish to defer principal payments while in school? ☒ 1 Yes ☐ 2 No

YOU ARE A PERMANENT RESIDENT OF ___Arizona___ (STATE)

Promissory Note for a PLUS/SLS Loan

I, Promise To Pay, I, the undersigned Borrower promise to pay to you or your order when this Note becomes due a sum certain equal to the loan amount I have requested in Section I, Item 7 of this Application or any lesser amount which will be disclosed to me in the Notice of Loan Guarantee and Disclosure Statement or the amount advanced to me, plus interest and any other charges which may become due as provided in Paragraph IV. My signature certifies I have read, understand and agree to the conditions and stipulations stated in the "Borrower Certification" printed on the reverse side and the legally required information highlighted in the Application Booklet.

I understand this is a Promissory Note. I will not sign this Promissory Note before reading it including the writing on the reverse side, even if otherwise advised. As a Borrower, I am entitled to an exact copy of this Promissory Note, the Notice of Loan Guarantee and Disclosure Statement and any agreement I sign. By signing this Promissory Note I, the Borrower, acknowledge I have received an exact copy of this Note.

12A X _Sandra McDonald_   Date 2/7/91
Borrower Signature

Notice to Borrower: Terms of the Promissory Note continue on the reverse side. Retain Copy D for your records.

**SECTION IB—TO BE COMPLETED BY THE STUDENT—READ THE INSTRUCTIONS**

| 13 Social Security Number 7955 | 14 Last Name, First, M.I. McDonald Sandra KAY | 15 Birthdate |
|---|---|---|

| 16 Status (Check one) Alien ID No. ☒ 1 Citizen ☐ 2 Non-Citizen | 17 Major Area of Study MA | 18 Loan Period for this loan 12/90 | Loan Period for this loan From 12 To 91 | 19 Enrollment ☒ 1 Full-Time ☐ 2 Half-Time At Least |
|---|---|---|---|---|

| 20 Have you ever defaulted on an education loan? (Check one) If yes, carefully read instructions ☐ 1 Yes ☒ No | 21 Name of Previous Lender, if any |
|---|---|

22 I have read and understand the terms of the STUDENT CERTIFICATION printed on the back of this Application.
Signature of Student _Sandra McDonald_   Date 2/7/91

**SECTION II—TO BE COMPLETED BY THE SCHOOL**

| 23 Name and Address of School | 24 School Code 022112 | 25 Area Code/Telephone Number 602/526-6359 | 26 Grade Level Code 1 |
|---|---|---|---|

Arizona Academy
2575 E. 7th Ave.
Flagstaff, AZ 86004

| 27 Anticipated Completion Date Mo. Yr. 12 91 | 28 Loan Period Mo. Day Yr. Mo. Day Yr. From 12 18 90 To 12 18 91 |
|---|---|

| 29 Recommended Disbursement Dates Mo. Day Yr. 01-18-91 | Mo. Day Yr. 05-18-91 |
|---|---|

| 30 Cost of Attendance for Loan Period 13054 .00 | 31 Financial Aid for Loan Period 4414 .00 | 32 Cost Less Aid (30 minus 31) 8640 .00 |
|---|---|---|

33 I have read and understand the terms of the SCHOOL CERTIFICATION printed on the back of this Application.
Signature of Financial Aid Director _[signature]_
Type or Print Name and Title DAVID M. SCHRADER, FAO   Date 2-7-91

**SECTION III—TO BE COMPLETED BY THE LENDER**

| 35 Name and Address of Lending Institution | 36 Disbursement Dates Mo. Day Yr. By Electronic application | 37 Amount Lender Approves .00 |
|---|---|---|

VALLEY NATIONAL BANK
STUDENT LOAN DEPARTMENT
P.O. BOX 29504
PHOENIX, AZ 85038

| 38 First Payment Date Mo. Day Yr. | 39 Combined with previous loans? (Check one) | 40 Hard Copy w/Telephone Number _[signature]_ 602-279-6404 |
|---|---|---|

| 42 Lender Code 800241 | 43 For Lender Use Only |
|---|---|

| 44 Authorized Lending Officer | Type or Print Name and Title | Date |
|---|---|---|

©Copyright 1989 United Student Aid Funds, Inc. All Rights Reserved. This form is to be used only by USA Funds or the Guarantor it serves as identified above. LENDER COPY A

Poor Source Original
Document Retained

...HE UNDER PENALTY OF
...FY THAT THE FOLLOWING IS
...E AND CORRECT COPY OF THE
...INAL PROMISSORY NOTES.

KRISTOFER T. LYON
MANAG . DIRECTOR OF SALLIE MAE
SERVICING INC. AND AUTHORIZED AGENT
FOR UNITED STUDENT AID FUNDS.

DATE 7-13-07

I certify this copy to be a True
and Exact copy of the original.

9 19 00

## Additional Terms of the Promissory Note for a PLUS/SLS Loan

**II. Date Note Comes Due.** This Note becomes due immediately subject to the following requirements for entering repayment. I will repay this loan: 1) in periodic installments which will be due the day identified in the Notice of Loan Guarantee and Disclosure Statement; or 2) in periodic installments that will begin no later than 60 days after I cease to be eligible for any deferment of principal payments granted to me after the loan proceeds are advanced.

**III. Interest.** I agree to pay interest on the unpaid principal balance of this loan from the date you advance the loan until the loan is paid in full. My interest rate on this loan will be twelve percent (12%), or, if this loan is to cover a period of enrollment beginning on or after or disbursed on or after July 1, 1987, the interest rate will be a variable rate, adjustable annually, equal to the bond equivalent rate of the 52-week Treasury Bills auctioned at the final auction held prior to June 1 plus 3.25 percent. This variable annual rate is determined by the Secretary of the United States Department of Education (hereinafter the "Secretary") in accordance with the Higher Education Act of 1965, as amended (hereinafter the "Act"). The rate is determined each year on June 1 and is applicable for any period beginning July 1 of each year and ending June 30 of the following year. The interest rate for this loan will be disclosed on the Notice of Loan Guarantee and Disclosure Statement. During a deferment of principal payments, I may either pay the total interest accrued, if any, or such interest may be added, in accordance with policies of the guarantor governing the loan program, to the principal balance due to be repaid with interest. In installments. All payments will be made to your address indicated on the Notice of Loan Guarantee and Disclosure Statement or to any other address you notify me of.

**IV. Guarantee Fees.** I will pay you a guarantee fee, if applicable, in an amount identified on the Notice of Loan Guarantee and Disclosure Statement, which you will forward to the guarantor to pay for its guarantee of this Note. The guarantee fee may be deducted from the proceeds of this loan. If I return the original disbursal check uncashed or if I repay this loan in full within 120 days of disbursement I will be entitled to a full refund of the guarantee fee.

**V. Default.** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once if I fail to make an installment payment when due; or to meet other terms of the Promissory Note under circumstances where the guarantor finds it reasonable to conclude that I no longer intend to honor the obligation to repay, provided that this failure persists for 180 days for a loan repayable in monthly installments; or 240 days for a loan repayable in less frequent installments. After sending such notice to me, you will have the right, without further notice, to take the outstanding balance out of my checking and/or savings account I have with you, if not prohibited by law, but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me. If I default, I will still be required to pay interest on this loan as provided in Interest, Paragraph III from the date of default. The Lender, holder and guarantor may disclose to schools I have attended (or am currently attending) any information about the default and I will be ineligible to receive assistance from any of the following Federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant; Perkins Loan (formerly called National Direct Student Loans); Guaranteed Student Loans; Supplemental Student Loans (SLS); PLUS Loans, an Income Contingent Loan or Consolidation Loans. A default also makes me ineligible for the benefits, if any, which I may qualify for, as described under Deferment; Paragraph VIII and under Interest, Paragraph III.

**VI. Late Charges and Collection Costs.** If any payment has not reached you within 10 days after its due date or if I fail to provide written evidence that verifies my eligibility to have the amount deferred as described under Deferment, Paragraph VIII, you may, if permitted by law, bill me for a late charge at the maximum rate permitted which shall not exceed six cents for each dollar of each late installment. If I fail to pay any of these amounts when they are due, I will pay all charges and other costs, including the statutory authorized fees of an outside attorney and court costs that are permitted by Federal law and regulations for the collection of this loan; which you incur in collecting this loan.

**VII. Additional Agreements.** The proceeds of this loan will be used only for educational expenses. Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing. If the guarantor is required under its guarantee to repay my loan(s) because I have defaulted, the guarantor will become the owner of this Note and as my creditor will have all the rights of the original Lender to enforce this Note against me. I understand that I must repay this Note even though I may be under 18 years of age. This Note is not effective until it is accepted by you. I agree to notify you of a change in my name, address or any applicable school enrollment status within 10 days. I have not made any false written statement with regard to this loan. If any provision of this Note is determined to be unenforceable or is prohibited by law, such provision shall be considered ineffective without invalidating the remaining provisions of this Note. In this Note the words I, me, and my mean the borrower identified in Item 2 of Section I of the Application and any cosigner of this Note. You, your and yours mean the Lender and any other owner of the Note. If the borrower becomes totally and permanently disabled, or dies, his or her obligation to repay this loan will be canceled.

**VIII. Deferment.** I am entitled to deferments under the Higher Education Act, as amended and its regulations. In order to receive a deferment, I must request the deferment and provide you with all documentation required to establish my eligibility. I understand that I must notify you when the condition entitling me to the deferment no longer exists. My eligibility for a deferment will be determined according to the information highlighted in the Application Booklet.

**IX. Repayment.** I will repay the total amount due on this Promissory Note in periodic installments, with interest on the unpaid balance from the due date of this Promissory Note until the loan is paid in full unless the whole loan is due as described in Default, Paragraph V.

I will repay this loan over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:

1. The Lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I — or, if both my spouse and I have GSL, PLUS or SLS program loans outstanding, we — pay toward principal and interest at least $600 or the unpaid balance of all such loans (plus interest), whichever is less.

2. If I qualify for postponement of my payments during any period described under DEFERMENT in this Promissory Note, or if the Lender grants "forbearance," those periods will not be included in the 5- and 10-year periods mentioned above.

The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a repayment schedule, that the Lender will provide to me, normally just before the repayment period begins. I further agree that the lender may grant me a forbearance for the purpose of aligning the first payment date of this loan with other loans reflected on my Repayment Schedule.

**X. Prepayment.** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**XI. Credit Bureau Notification.** Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If I default on this loan; the lender, holder or guarantor will also report the default to one or more credit bureau organizations.

This may significantly and adversely affect my ability to obtain other credit.

The lender, holder or guarantor must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations unless I enter into repayment on the loan within 30 days.

The lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completeness of information reported about me.

### Borrower Certification

I certify under penalty of perjury under the laws of the United States of America that the information contained in Section IA of this application is true and correct. The information contained in Section IA of this application is complete and correct to the best of my knowledge and belief and is made in good faith. If I am applying for a PLUS Loan as a parent, I certify that I am the natural or adoptive mother or father or legal guardian of the student named in Section IB. The proceeds of any loan made as a result of this application will be used solely for educational purposes for the period for which the loan is intended and at the school described in Section II. I understand that any funds that I receive on behalf of the student named in Section IB, which cannot reasonably be attributed to meeting the education expenses of the student related to attendance at the school named in Section II for the loan period stated, must be returned to the lender. I authorize the lender to issue a check covering the proceeds of my loan, in full or in part; made payable to me, or at the lender's option, jointly payable to me and the school, and sent to the school if I am a student borrower. I authorize the lender to perform a credit check to determine my ability to repay this loan. The lender is authorized to check my credit and employment history and to answer questions about the loan experience with any such lender. I certify that I am not now in default on a National Defense or Direct Student Loan (NDSL), a Federal Insured Student Loan (FISL), a Guaranteed Student Loan (GSL), a Health Education Assistance Loan (HEAL), a PLUS/SLS Loan, a Income Contingent Loan or a Consolidation Loan. I further certify that I do not now owe a repayment on a Pell Grant, Byrd Scholarship, Supplemental Grant, or State Student Incentive Grant.

I, the Borrower, understand that I will receive a Notice of Loan Guarantee and Disclosure Statement that identifies my loan amount (as determined by the lender), the fee amounts, due dates, and late charges. I understand and agree that if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on the Application and Promissory Note, the information on the Notice of Loan Guarantee and Disclosure Statement applies.

Poor Source Original
Document Retained

### Student Certification

I certify under penalty of perjury under the laws of the United States of America that the following is true and correct. The information contained in Section IB of this application is true, complete, and correct to the best of my knowledge and belief and is made in good faith. I hereby, authorize the school named in Section II to pay to the lender named in Section III any refund which may be due to me up to the amount of this loan. I hereby authorize the school named in Section II to release information contained in my file that is relative to my eligibility and which permits me or my parent to borrow on my behalf (e.g., enrollment status, financial assistance, or employment). I have been accepted for enrollment or am enrolled and am making satisfactory progress as at least a half-time student in an undergraduate, vocational, or graduate program at the school named in Section II. I further certify that I am not now in default on a National Defense or Direct Student Loan (NDSL), a Federal Insured Student Loan (FISL), a Guaranteed Student Loan (GSL), a Health Education Assistance Loan (HEAL), a PLUS Loan, a Income Contingent Loan or a Consolidation Loan. I further certify that I do not now owe a repayment on a Pell Grant, Byrd Scholarship, Supplemental Grant, or State Student Incentive Grant.

**NOTICE TO BORROWER AND COSIGNER: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.**



USAFunds

UNITED STUDENT AID FUNDS, INC.
C/O SALLIE MAE, INC.
P.O. BOX 6108
INDIANAPOLIS IN 46206-6108

### IDEMNIFICATION AGREEMENT FOR THE ASSIGNMENT OF FEDERAL FAMILY EDUCATION LOAN WITH DAMAGED PROMISSORY NOTE OR PROMISSORY NOTE WITH UNINITIALED ALTERATIONS

Borrower's Current Name:  BREZOVSKY SANDRA K
                          (Last, First, Middle)

Borrower's Previous Name: _____
                          (Last, First, Middle)

Borrower's Correct SSN:   ██-7955

First Disbursement Date:  02/13/1991

Last Disbursement Date:   04/12/1991

Disbursement Amount:      $4,000.00

In assigning Stafford Student Loans/Supplemental Loans for Students/Parent (PLUS) Loans/Consolidated Loans to the Secretary of Education (hereinafter "the Secretary"), United Student Aid Funds, Inc. (hereinafter "Guaranty Agency") agrees that if any loan assigned to the Secretary by the Guaranty Agency without an original promissory note or certified true copy in good condition should become uncollectible by reason of such damaged promissory note or because it contains alterations without the borrower's intials, or if the Secretary, in his sole descretion, determines that the loan cannot be enforced because of the damaged or altered promissory note, the Secretary is entitled to recover from the Guaranty Agency the amount of reinsurance attributable to such loan previously paid to the Guaranty Agency, plus interest from the date the reinsurance was paid. The Secretary may recover amounts due under this agreement by withholding such amounts from any payments due to the Guaranty Agency from the Department of Education.

The Guaranty Agency also agrees that the assignment of any loan covered by this Agreement includes the assignment to the Secretary of any rights held by the Guaranty Agency under any indemnification agreement or warranty executed by the lender in favor of the Guaranty Agency (lender indemnification agreement). In the event the Secretary recovers from the Guaranty Agency the amount paid in reinsurance for a loan covered by the agreement, the Secretary will release to the Guaranty Agency his rights in the applicable lender indemnification agreement.

06/13/2007
DATE

_____
Signature of Guaranty Agency Official

Kristofer Lyon
Vice President DMO Portfolio Management
as authorized agent for
United Student Aid Funds, Inc.

DSUAUS

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #3 OF 5

Sandra K. Brezovsky
Aka: Sandra Kay Brezovsky, Sandra Brezovsky,
Sandra Kay McDonald, Sandra McDonald, Sandra K.
McDonald
26886 State Hwy 38
Scottsburg, OR 97473-9703
Account No. XXXXX7955

I certify that U.S. Department of Education records show that the BORROWER named above is indebted to the United States in the amount stated below plus additional interest from 08/28/17.

On or about 06/24/92, the BORROWER executed promissory note(s) to secure loan(s) of $2,625.00 from Union Bank. This loan was disbursed for $1,312.00 on 09/04/92 through 01/04/93 at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by United Student Aid Funds, Inc., and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The BORROWER defaulted on the obligation on 08/30/00, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $1,620.32 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the BORROWER. The guarantor was unable to collect the full amount due, and on 09/19/07, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the BORROWER now owes the United States the following:

Principal:        $1,620.32
Interest:         $1,294.86
Total debt as of 08/28/17:        $2,915.18

Interest accrues on the principal shown here at the current rate of 4.08% and a daily rate of $0.18 through June 30, 2018, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on:  10 / 26 / 17

Loan Analyst
Litigation Support Unit

**Philippe Guillon**
**Loan Analyst**

2728
94175 01

ARIZONA EDUCATION LOAN PROGRAM **RECEIVED**
Application and Promissory Note for a Stafford Loan

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties **SEP 0 1 1992**
which may include fines or imprisonment under the United States Criminal Code and 20 USC 1097.
06940                    SN— Y-000004-93 D

**SECTION I — TO BE COMPLETED BY THE STUDENT — READ THE INSTRUCTIONS — TYPE OR PRINT IN INK**

| 1 Social Security Number | 2 Last Name, First, Middle Initial, Permanent Home Address | 3 Birthdate |
|---|---|---|
| 7955 | Brezovsky Sandra K #2 | |
| **Driver's License** | P O Box 23473 SB. 5260 W Elvdo | 5 Area Code/Telephone Number |
| State AZ Number B1239746/ | Tucson AZ 85734 85744 | 1-682-883-5888 |

6 U.S. Citizenship Status (Check one) ☒ 1 Citizen ☐ 2 Eligible Non-Citizen   Alien ID Number

7 References — You must provide 3 separate adult references with different addresses. If your Lender requires a cosigner, make the cosigner your first reference. (Carefully read instructions.)

| Name Cindy Stark | Name Carolyn Ebahyogee | Name Jane Martinez |
|---|---|---|
| Street Address | | |
| City, State, Zip | | |
| Telephone | | |
| Employer | | |

| 8 Intended Enrollment Status (Check one) | 9 Major Course of Study | 10 Requested Loan Amount | 11 Loan Period For Mo. Yr. this Loan Mo. Yr. |
|---|---|---|---|
| ☒ 1 Full-time  ☐ 2 At least half-time | Nursing | 2625 .00 | From 8/92 To 5/93 |

12 Have you ever defaulted on an education loan? (Check one) If yes, carefully read instructions and attach required documentation.  ☐ Yes ☒ No

13 Do you have an unpaid Stafford Loans or a Consolidation Loan with a Stafford portion? (Check one) If yes, carefully read instructions, complete 13A through 13E. If no, complete 13A through 13E with zeroes.  ☐ Yes ☒ No

| 13A Total unpaid balance of your most recent Stafford Loan. | 13B Use chart provided in instructions. | 13C Grade level of your most recent Stafford Loan. | 13D Beginning and ending date of your most recent Stafford Loan. |
|---|---|---|---|
| 2625 .00 | 2 | 3.0 | Mo. Yr. Mo. Yr. From 12-90 To 91 |

13E Total unpaid balance of all your Stafford Loans or any portion of your Stafford Loans included in a Consolidation Loan.
4000 .00

14 Do you have any outstanding Stafford, PLUS or SLS Loans made for enrollment periods beginning before July 1, 1988 or a Consolidation Loan which repaid loans for enrollment periods beginning before such date?  ☐ Yes ☒ No

15 Name and Address of Previous Lender, if any.
Almec

PLEASE INDICATE NAME OF LENDER YOU WISH TO PROCESS THIS LOAN  Union Bank

YOU ARE A PERMANENT RESIDENT OF  Arizona (STATE)

JUN 2 9 1992

**Promissory Note for a Stafford Loan**
I. Promise To Pay, I, the undersigned Borrower, promise **RECEIVED** to pay to your order when this Note becomes due a sum certain equal to the loan amount I have requested in Section I, Item 10 of this Application or any lesser amount which will be disclosed to me in the Notice of Loan Guarantee and Disclosure Statement or the amount advanced to me, plus any other charges which may become due as provided in Paragraph VI. My signature certifies I have read, understand and agree to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side and the legally required information highlighted in the Application Booklet.
WC-FINANCIAL

Notice to Student: Terms of the Promissory Note continue on the reverse side. Retain Copy D for your records.

I understand this is a Promissory Note. I will not sign this Promissory Note before reading it, including the writing on the reverse side, even if otherwise advised. As a Borrower, I am entitled to an exact copy of this Promissory Note, the Notice of Loan Guarantee and Disclosure Statement and any agreement I sign. By signing this Promissory Note I, the Borrower, acknowledge I have received an exact copy of this Note.

29A X *Sandra Brezovsky*   Date 6/24/92
Signature of Student Borrower

**SECTION II — TO BE COMPLETED BY THE SCHOOL**

| 21 Name and Address of School | 22 School Code | 23 Area Code/Telephone Number | 24 Grade Level Code |
|---|---|---|---|
| Pima Community College | 007266 | (602) 884-6950 | 1 |
| 2202 W. Anklam Road | 25 Anticipated Completion Date Mo. Yr. | 26 Enrollment Period Covered by Loan Mo. Day Yr. Mo. Day Yr. | |
| Tucson, AZ 85709 | 5/96 | 8/24/92   5/11/93 | |

| 27 Family Adjusted Gross Income | 28 Estimated Cost of Attendance for Loan Period | 29 Estimated Financial Aid for Loan Period | 30 Expected Family Contribution | 31 Difference (28 minus the sum of 29 and 30) |
|---|---|---|---|---|
| 6876 .00 | 9320 .00 | 1830 .00 | 154 .00 | 7336 .00 |

| 32 Reduced Student Eligibility | 33 Recommended Disbursement Date(s) must be completed | | |
|---|---|---|---|
| .00 | Mo. Day Yr.  8/31/92 | Mo. Day Yr.  1/4/93 | Mo. Day Yr. |

34 I have read and understand the terms of the SCHOOL CERTIFICATION printed on the back of the Application.
Signature of Financial Aid Officer  *Mary Holmes*  Type or Print Name and Title  Mary Holmes, FA Officer  Date 8/24/92

**SECTION III — TO BE COMPLETED BY THE LENDER**

This *transmitted*   by whizkid

| 36 Name, City and State of Lending Institution | 37 Lender Code | 38 Area Code/Telephone Number | 39 Loan Amount Approved |
|---|---|---|---|
| | | | .00 |
| | 40 Interest Rate % | 41 Anticipated Disbursement Date(s) Mo. Day Yr. Mo. Day Yr. Mo. Day Yr. | |
| | 42 Fee | | |

| 43 Authorized Lending Officer | Type or Print Name and Title | Date | 44 For Lender Use Only |
|---|---|---|---|
| | | | C A 0 0 0 0 8 2 4 |
| | | | LENDER COPY A |

© Copyright 1991 United Student Aid Funds, Inc. All Rights Reserved. This form is to be used only by USA Funds or the Guarantor it serves as identified above.

USA Funds Form 110G (2/91) B-1

## Additional Terms of the Promissory Note for a Stafford Loan

In this Note the words I, me, and my mean the Borrower identified in Item 2 of Section 1 of the Application and any Cosigner of this Note. You, your and yours mean the Lender and any other Holder of the Note. I hereby give you or the Guarantor the authority to complete any incomplete blanks on this Note.

**II. Date Note Comes Due.** I will repay this loan: 1) in periodic installments beginning no later than the end of my grace period as disclosed to me in the Notice of Loan Guarantee and Disclosure Statement; or 2) in full immediately if I fail to enroll at and attend the school which certified this Application for the academic period intended, in which case I will not be eligible for a grace period. During the grace period, I may request that repayment may begin before my grace period ends.

**III. Interest.** I agree to pay an amount equivalent to simple interest on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full. However, the U.S. Secretary of Education (hereinafter the "Secretary") will pay the interest that accrues on this loan prior to repayment status and during any deferment, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the Title IV, Part B of the Higher Education Act (hereinafter the "Act"). In the event that the interest on this loan is payable by the Secretary, neither you or any other Holder of this Note may attempt to collect this interest from me. I may, however, choose to pay this interest myself. Once the repayment status begins I will be responsible for payment of all interest which accrues on this loan. The Secretary will pay the interest that accrues during any period described under Deferment in this Promissory Note. The interest rate will be determined according to the following: (a) if I have an outstanding Stafford Loan(s) on the date I sign this Note, the applicable interest rate will be the same as the applicable interest rate on the most recent Stafford Loan(s); (b) if I have no outstanding Stafford Loan(s) but I do have an outstanding balance on a loan(s) of Supplemental Loans for Students (SLS) made for enrollment periods beginning before July 1, 1988 or on a Consolidation Loan which repaid loans made for enrollment period(s) beginning before such date, the applicable interest rate on this loan will be 8%; (c) Otherwise, the applicable interest rate on this loan will be 8% until the end of the fourth year of my repayment status and will be 10% beginning with the fifth year of my repayment status. The applicable interest rate will be identified on the Notice of Loan Guarantee and Disclosure Statement. I may also receive rebates of interest, if required by the Act, when the applicable interest rate is 10%. You may add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with regulations and policies of the Guarantor. All payments will be made to your address as specified on the Notice of Loan Guarantee and Disclosure Statement or to any other address of which you notify me.

**IV. Origination and Guarantee Fees.** I will pay to you an origination fee not to exceed the percentage of the loan amount that is authorized by federal law. You will deduct this fee proportionately from each disbursement of principal of this loan. I will also pay you an amount equal to the guarantee fee that you are required to pay to the Guarantor for this loan. I am entitled to a refund of the origination and guarantee fee paid in respect to this loan if I pay back this Note in full within 120 days of disbursement or if I return the uncashed loan check to you. The amount of the origination and guarantee fees will be disclosed to me on the Notice of Loan Guarantee and Disclosure Statement.

**V. Default.** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once if I fail to make an installment payment when due, or to meet other terms of the Promissory Note under circumstances where the Guarantor finds it reasonable to conclude that I no longer intend to honor the obligation to repay, provided that this failure persists for 180 days for a loan repayable in monthly installments, or 240 days for a loan repayable in less frequent installments. After sending such notice to me, you will have the right, without further notice, to take the outstanding balance out of my checking and/or savings account I have with you, if not prohibited by law, but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me. If I default, I will still be required to pay interest on this loan as provided in interest, Paragraph III from the date of default. You or the Guarantor may disclose to schools I have attended or intend to attend the information about the default, I will be ineligible to receive assistance from any of the following federal programs: Pell Grant, Byrd Scholarship, Supplemental Education Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loan, Stafford Loan, Supplemental Loans for Students (SLS), PLUS Loan, Income Contingent Loan or a Consolidation Loan. A default also makes me ineligible for the benefits, if any, which I may qualify for as described under Deferment, Paragraph VIII and under Interest, Paragraph III. If this loan is referred for collection to any agency for collection, I will pay collection costs.

**VI. Late Charges and Collection Costs.** If any payment has not reached you within 10 days after its due date or if I fail to provide written evidence which verifies my eligibility to have the amount deferred as described under Deferment, Paragraph VIII, you may, if permitted by law, bill me for a late charge at the maximum rate permitted which shall not exceed six cents for each dollar of each late installment. If I fail to pay any amounts when they are due, I will pay all charges and other collection costs including the statutorily authorized fees of an outside attorney and court costs that are permitted by federal law and regulations for the collection of this loan, which you incur in collecting this loan. In case of accounts brought into repayment status as a result of the Guarantor performing supplemental preclaims assistance in accordance with §428(c)(6)(C) of the Act, I will be liable for such costs.

**VII. Additional Agreements.** The proceeds of this loan will be sent to the school listed on my Application and be used only for education expenses. Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provisions of this Note can be waived or modified except in writing. If the Guarantor is required under its guarantee to repay my loan(s) because I have defaulted, the Guarantor will become the owner of this Note and as my Creditor will have all the rights of the original Lender to enforce this Note against me. I understand that I must repay this Note even though I may be under 18 years of age. This Note is not effective until it is accepted by you. If the Borrower becomes totally and permanently disabled, or dies, his or her obligation to repay this loan will be cancelled. I agree to notify you of a change in my name, address or any applicable school enrollment status within 10 days. I have not made any false written statement with regard to the loan. If any provision of this Note is determined to be unenforceable or is prohibited by law, such provision shall be considered ineffective without invalidating the remaining provisions of this Note.

**VIII. Deferment.** I am entitled to deferments under the Act, and its regulations. In order to receive a deferment, I must request the deferment and provide you with all documentation required to establish my eligibility. I understand that I must notify you when the condition entitling me to the deferment no longer exists. My eligibility for a deferment will be determined by the information provided in the Application Booklet or as amended by federal law.

**IX. Repayment.** I will repay the total amount due on this Promissory Note in periodic installments, with interest on the unpaid balance from the due date of the Promissory Note until the loan is paid in full, unless the whole loan is due as described in Default, Paragraph V.

I will repay this loan over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:

1. If, during the grace period, I request a shorter repayment period you may grant me a shorter period.

2. You may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I — or, if both my spouse and I have Stafford, PLUS or SLS Program loans outstanding, we — pay toward principal and interest at least $600 or the unpaid balance of all such loans (plus interest), whichever is less.

3. If I qualify for postponement of my payments during any period described under Deferment, Paragraph VIII, in the Promissory Note, or if you grant "forbearance," those periods will not be included in the 5- and 10-year periods mentioned above.

The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a Repayment Schedule, which you will provide to me, normally just before the repayment period begins. I further agree you may grant me a forbearance for the purpose of aligning the first payment date of this loan with other loans reflected on my Repayment Schedule or for the purpose of eliminating a delinquency which persists even though I am making regularly scheduled payments. If a forbearance is granted in either of these two situations, you will capitalize any accrued interest.

**X. Prepayment.** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**XI. Credit Bureau Notification.** I have read and understand the Credit Bureau Notification information provided in the General Information section of this Application Booklet.

## BORROWER CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. The information contained in this Application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school described in Section II to pay to the Lender any refund which may be due to me up to the amount of this loan. I hereby authorize any school which I may attend to release to the Lender, subsequent Holder, Guarantor, U.S. Department of Education, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address). The proceeds of any loan made as a result of this Application will be used for education expenses for the loan period covered by this Application and at the school described in Section II. I understand I must immediately repay any funds I receive which cannot reasonably be attributed to meeting my education expenses related to attendance at that school for the loan period covered by this Application. The total amount of loans I receive under the Stafford Loan Program, Title IV, Part B of the Higher Education Act of 1965, as amended, will not exceed the allowable maximums. I am not now in default on a Perkins Loan

Loan, a Stafford Loan, a Federal Insured Student Loan, a PLUS/SLS Loan, an Income Contingent Loan or a Consolidation Loan unless I have otherwise indicated on this Application. I further certify that I do not owe a repayment on a Pell Grant, Byrd Scholarship, Supplemental Grant or State Student Incentive Grant. I authorize my Lender to issue a check covering the proceeds of my loan, in full, or in part, made payable to me, or at the Lender's option, jointly payable to me and the school, and sent to the school

I understand I will receive a Notice of Loan Guarantee and Disclosure Statement which identifies my loan amount (as determined by the Lender), the fee amounts, disbursement dates, grace period, interest rate and late charges. I understand and agree if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on the Application and Promissory Note, the information on the Notice of Loan Guarantee and Disclosure Statement is controlling.


USA**Funds**

UNITED STUDENT AID FUNDS, INC.
C/O SALLIE MAE, INC.
P.O. BOX 6108
INDIANAPOLIS IN 46206-6108

### IDEMNIFICATION AGREEMENT FOR THE ASSIGNMENT OF FEDERAL FAMILY EDUCATION LOAN WITH DAMAGED PROMISSORY NOTE OR PROMISSORY NOTE WITH UNINITIALED ALTERATIONS

Borrower's Current Name:  <u>BREZOVSKY SANDRA K</u>
(Last, First, Middle)

Borrower's Previous Name:  _____
(Last, First, Middle)

Borrower's Correct SSN:  ████-7955

First Disbursement Date:  <u>09/04/1992</u>

Last Disbursement Date:  <u>01/04/1993</u>

Disbursement Amount:  <u>$1,312.00</u>

In assigning Stafford Student Loans/Supplemental Loans for Students/Parent (PLUS) Loans/Consolidated Loans to the Secretary of Education (hereinafter "the Secretary"), United Student Aid Funds, Inc. (hereinafter "Guaranty Agency") agrees that if any loan assigned to the Secretary by the Guaranty Agency without an original promissory note or certified true copy in good condition should become uncollectible by reason of such damaged promissory note or because it contains alterations without the borrower's intials, or if the Secretary, in his sole descretion, determines that the loan cannot be enforced because of the damaged or altered promissory note, the Secretary is entitled to recover from the Guaranty Agency the amount of reinsurance attributable to such loan previously paid to the Guaranty Agency, plus interest from the date the reinsurance was paid. The Secretary may recover amounts due under this agreement by withholding such amounts from any payments due to the Guaranty Agency from the Department of Education.

The Guaranty Agency also agrees that the assignment of any loan covered by this Agreement includes the assignment to the Secretary of any rights held by the Guaranty Agency under any indemnification agreement or warranty executed by the lender in favor of the Guaranty Agency (lender indemnification agreement). In the event the Secretary recovers from the Guaranty Agency the amount paid in reinsurance for a loan covered by the agreement, the Secretary will release to the Guaranty Agency his rights in the applicable lender indemnification agreement.

<u>06/13/2007</u>
DATE

_____
Signature of Guaranty Agency Official

Kristofer Lyon
Vice President DMO Portfolio Management
as authorized agent for
United Student Aid Funds, Inc.

DSUAUS

---

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #4 OF 5

Sandra K. Brezovsky
Aka: Sandra Kay Brezovsky, Sandra Brezovsky,
Sandra Kay McDonald, Sandra McDonald, Sandra K.
McDonald
26886 State Hwy 38
Scottsburg, OR 97473-9703
Account No. XXXXX7955

I certify that U.S. Department of Education records show that the BORROWER named above is indebted to the United States in the amount stated below plus additional interest from 08/28/17.

On or about 08/31/92 and 12/10/93, the BORROWER executed promissory note(s) to secure loan(s) of $4,000.00 and $5,000.00 from First Interstate Bank of AZ. This loan was disbursed for $4,000.00 on 10/08/92 through 01/04/93 and $1,500.00 on 01/13/94 at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by United Student Aid Funds, Inc., and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The BORROWER defaulted on the obligation on 09/11/97 and 09/07/00, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $8,288.98 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the BORROWER. The guarantor was unable to collect the full amount due, and on 09/19/07, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the BORROWER now owes the United States the following:

Principal:          $8,288.98
Interest:           $7,650.14
Total debt as of 08/28/17:     $15,939.12

Interest accrues on the principal shown here at the current rate of 4.32% and a daily rate of $0.98 through June 30, 2018, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on:  10/26/17

Loan Analyst
Litigation Support Unit

**Philippe Guillon**
**Loan Analyst**

ARIZONA EDUCATION LOAN PROGRAM

Application and Promissory Note for a ☐ PLUS (Parent)  ☒ SLS (Student)  Check one 'OCT 7 1992

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 USC 1097. 05598

PL- Y-000004-93 D

**SECTION IA — TO BE COMPLETED BY THE BORROWER — READ THE INSTRUCTIONS — TYPE OR PRINT IN INK**

| 1 Social Security Number | 2 Last Name, First, M.I., Permanent Home Address | 3 Birthdate |
|---|---|---|
| 7955 | Brezovsky, Sandra | |
| 4 Driver's License Number | 2260 W. Elvado #265 | 5 Area Code/Telephone Number |
| State AZ Number B12392461 | TUCSON, ARIZONA 85746 | 602-883-5888 |

6 U.S. Citizenship Status (Check one) ☒ 1 Citizen  ☐ 2 Eligible Non-Citizen    Alien ID Number

| 7 Requested Loan Amount 4,000.00 | 8 Have you ever defaulted on an education loan? (Check one) If yes, carefully read instructions and attach required documentation. ☐ Yes ☒ No | 9 Do you have any prior unpaid PLUS/SLS Loans for the student identified in Section 1B? If yes, enter the information in 9A through 9D only for the student identified in 1B. If no, complete 9A through 9D with zeroes |
|---|---|---|

| 9A Unpaid balance of your most recent PLUS/SLS Loan. 2650 | 9B Grade level of your most recent PLUS/SLS Loan. 3.0 | 9C Beginning and ending academic period dates of your most recent PLUS/SLS Loan. 12/90 Mo. Yr. / Mo./Yr. | 9D Enter the total unpaid balance you owe on all your prior PLUS/SLS Loans, or any portion of these loans included in your Consolidation Loan for this student. (Read instructions.) 2650 |
|---|---|---|---|

10 Borrower References — You must provide 3 separate adult references with different addresses. If your Lender requires a cosigner make the cosigner your first reference. (Read instructions.)

| Name | Cindy Stark | Name | Carolyn Escayner | Name | Jane Maatinez |
|---|---|---|---|---|---|
| Street Address | | | | | |
| City, State, Zip | | | | | |
| Telephone (  ) | | | | | |
| Employer | | | | | |

11 If you qualify for a deferment (read instructions carefully), do you wish to defer principal payments while the student is in school?   ☐ Yes  ☐ No

PLEASE INDICATE NAME OF LENDER YOU WISH TO PROCESS THIS LOAN _____

YOU ARE A PERMANENT RESIDENT OF Ariz (STATE)

1st Interstate

**Promissory Note for a PLUS/SLS Loan**

**Notice to Borrower:** Terms of the Promissory Note continue on the reverse side. Retain copy D for your records.

I, Promise To Pay, I, the undersigned Borrower promise to pay to you or your order when this Note becomes due a sum certain equal to the loan amount (shown in Section 1, Item 7 of this Application or any lesser amount which will be decided) to me in the Notice of Loan Guarantee and Disclosure Statement or the amount advanced to me, plus interest and any other charges which may become due as provided in Paragraph VI. My signature certifies I have read, understand and agree to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side and the legally required information highlighted in the Application Booklet.

I understand this is a Promissory Note. I will not sign this Promissory Note before reading it including the writing on the reverse side, even if otherwise advised. As a Borrower, I am entitled to an exact copy of this Promissory Note, the Notice of Loan Guarantee and Disclosure Statement and any agreement I sign. By signing this Promissory Note I, the Borrower, acknowledge I have received an exact copy of this Note.

we FINANCIAL AID

| 13A X Sandra Brezovsky | 8/31/92 |
|---|---|
| Borrower Signature | Date |

**SECTION IB — TO BE COMPLETED BY THE STUDENT — READ THE INSTRUCTIONS**

| 14 Social Security Number 7955 | 15 Last Name, First, M.I. Brezovsky, Sandra K | 16 Birthdate |
|---|---|---|

| 17 U.S. Citizenship Status (Check one) ☒ 1 Citizen ☐ 2 Non-Citizen  Eligible  Alien ID Number | 18 Major Course of Study Nursing | 19 Academic Period for this Loan From 92 To 93 | 20 Enrollment Status (Check one) At Least ☒ 1 Full-Time ☐ 2 Half-Time |
|---|---|---|---|

21 Are you a New Borrower as defined in the instructions on Page 10? ☐ Yes ☒ No

| 22 Have you ever defaulted on an education loan? (Check one) If yes, carefully read instructions and attach required documentation. ☐ Yes ☒ No | 23 Name of Previous Lender, if any Almac Educational Loans |
|---|---|

24 I have read and understand the terms of the STUDENT CERTIFICATION printed on the back of this Application.    Signature of Student X Sandra Brezovsky    Date 8/31/92

**SECTION II — TO BE COMPLETED BY THE SCHOOL**

| 25 Name and Address of School PIMA COMMUNITY COLLEGE TUCSON, AZ 85709 | 26 School Code 007266 | 27 Area Code/Telephone Number (602) 884-6950 | 28 Grade Level Code 1 |
|---|---|---|---|

| 29 Anticipated Completion Date 5/96 Mo. Yr. | 30 Loan Period From 8/24/92 To 5/11/93 Mo. Day Yr. |
|---|---|
| 31 Recommended Disbursement Dates Must be completed 9/22/92 To 1/4/93 | |

| 32 Cost of Attendance for Loan Period 9320.00 | 33 Financial Aid for Loan Period 4455.00 | 34 Cost Less Aid (32 minus 33) 4865.00 | 35 Reduced SLS Eligibility .00 |
|---|---|---|---|

36 I have read and understand the terms of the SCHOOL CERTIFICATION printed on the back of this Application. X _____ Signature of Financial Aid Officer and Printed Name and Title  Mary Holmes, FA Officer   Date 9/15/92

**SECTION III — TO BE COMPLETED BY THE LENDER**

| 38 Name, City and State of Lending Institution FIRST INTERSTATE BANK OF AZ Tucson by Whiskin | 39 Disbursement Dates Mo. Day Yr. | 40 Amount Loan Approves .00 |
|---|---|---|

| 41 First Payment Date Mo. Day Yr. | 42 Combine with previous loans? (Check one) ☐ Yes ☐ No | 43 Area Code/Telephone Number | 44 No. of Mos. in Repayment Term |
|---|---|---|---|

| 45 ED Lender Code | 46 For Lender Use Only |
|---|---|

Signature of Authorized Lending Officer _____    Type or Print Name and Title _____ man AVP    Date

© 1991 United Student Aid Funds, Inc. All Rights Reserved. This form is used only by USA Funds or the Guarantor it serves as identified above.    LENDER COPY A

## Additional Terms of the Promissory Note for a PLUS/SLS Loan

In this Note the words I, me, and my mean the Borrower Identified in Item 2 of the Application and any Cosigner of this Note. You, your and yours mean the Lender and any other Holder of the Note. I hereby give you or the Guarantor the authority to complete any incomplete blanks on this Note.

**II. Date Note Comes Due.** This Note becomes due immediately subject to the following requirements for entering repayment. I will repay this loan in periodic installments which will begin: 1) on the day identified in the Notice of Loan Guarantee and Disclosure Statement; or 2) within 60 days of the last disbursement; or 3) no later than 45 days after I cease to be eligible for any deferment of principal payments granted to me after the loan proceeds are advanced.

**III. Interest.** I agree to pay interest on the unpaid principal balance of this loan from the date you advance the loan until the date the loan is paid in full. My interest rate on this loan will be a variable rate never to exceed 12%, adjustable annually, equal to the bond equivalent rate of the 52-week Treasury Bills auctioned at the final auction held prior to June 1 plus 3.25 percent. This variable annual rate is determined by the Secretary of the United States Department of Education (hereinafter the "Secretary") in accordance with the Higher Education Act of 1965, as amended (hereinafter the "Act"). The rate is determined each year on June 1 and is applicable for any period beginning July 1 of each year and ending June 30 of the following year. The initial interest rate for this loan will be disclosed on the Notice of Loan Guarantee and Disclosure Statement. From the first disbursement date until the final disbursement date and during a deferment of principal payments, I agree either to pay the total interest accrued, if any, or that the Lender may add such interest to the principal balance due to be repaid with interest, in installments. All payments will be made to your address indicated on the Notice of Loan Guarantee and Disclosure Statement or to any other address provided to me.

**IV. Guarantee Fees:** I will pay to you an amount equal to the guarantee fee which you are required to pay to the Guarantor for this loan. I am entitled to a refund of the guarantee fee paid in respect to this Note if I pay this Note in full within 120 days of disbursement or if I return the uncashed loan check to you. The amount of the guarantee fee will be disclosed to me on the Notice of Loan Guarantee and Disclosure Statement.

**V. Default.** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once if I fail to make an installment payment when due, or to meet other terms of this Note under circumstances where the Guarantor finds it reasonable to conclude I no longer intend to honor the obligation to repay, provided this failure persists for 180 days for a loan repayable in monthly installments, or 240 days for a loan repayable in less frequent installments. After sending such notice to me, you will have the right, without further notice, to take the outstanding balance out of my checking and/or savings account I have with you, if not prohibited by law, but not out of the proceeds on any other property of mine which you have the right to take because of any other agreement between you and me. If I default, I will still be required to pay interest on this loan as provided in Interest, Paragraph III from the date of default. You or the Guarantor may disclose to schools I have attended or intend to attend the information about the default. I will be ineligible to receive assistance from any of the following federal programs: Pell Grant, Byrd Scholarship, Supplemental Education Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loan, Stafford Loan, Supplemental Loans for Students (SLS), PLUS Loan, Income Contingent Loan or Consolidation Loan. A default also makes me ineligible for the benefits, if any, which I may qualify for as described under Deferment, Paragraph VIII and under Interest, Paragraph III. If this, loan is referred to any agency for collection, I will pay collection costs.

**VI. Late Charges and Collection Costs.** If any payment has not reached you within 10 days after its due date or if I fail to provide written evidence which verifies my eligibility to have the amount deferred as described under Deferment, Paragraph VIII, you may, if permitted by law, bill me for a late charge at the maximum rate permitted which shall not exceed six cents for each dollar of each late installment. If I fail to pay any of these amounts when they are due, I will pay all charges and other collection costs, including

the statutorily authorized fees of an outside attorney and court costs that are permitted by federal law and regulations for the collection of this loan, which you incur in collecting this loan. In the case of accounts brought into repayment status as a result of the Guarantor performing supplemental precialms assistance in accordance with §428(c)(6)(C) of the Act, I will be liable for such costs.

**VII. Additional Agreements.** The proceeds of this loan will be sent to the school listed on my Application and be used only for education expenses. Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provisions of this Note can be waived or modified except in writing. If the Guarantor is required under its guarantee to repay my loan(s) because I have defaulted, the Guarantor will become the owner of this Note and as my Creditor will have all the rights of the original Lender to enforce this Note against me. I understand that I must repay this Note even though I may be under 18 years of age. This Note is not effective until it is accepted by you. If the Borrower becomes totally and permanently disabled, or dies, his or her obligation to repay this loan will be cancelled. I agree to notify you of a change in my name, address or any applicable school enrollment status within 10 days. I have not made any false written statement with regard to the loan. If any provision of this Note is determined to be unenforceable or is prohibited by law, such provision shall be considered ineffective without invalidating the remaining provisions of this Note.

**VIII. Deferment.** I am entitled to deferments under the Act and its regulations. In order to receive a deferment, I must request the deferment and provide you with all documentation required to establish my eligibility. I understand that I must notify you when the condition entitling me to the deferment no longer exists. My eligibility for a deferment will be determined by the information provided in the Application Booklet or as amended by federal law.

**IX. Repayment.** I will repay the total amount due on this Note in periodic installments, with interest on the unpaid balance from the due date of this Note until the loan is paid in full unless the whole loan is due as described in Default, Paragraph V.

I will repay this loan over a repayment period which generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:

1. You may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I—or, if both my spouse and I have Stafford, PLUS or SLS Program Loans outstanding, we—pay toward principal and interest at least $600 or the unpaid balance of all such loans (plus interest), whichever is less.

2. If I qualify for postponement of my payments during any period described under Deferment, Paragraph VIII, in this Note, or if you grant "forbearance," those periods will not be included in the 5- and 10-year periods mentioned above.

The particular terms and conditions of repayment which apply to this loan will be set forth in a separate document, known as a Repayment Schedule, which you will provide to me, normally just before the repayment period begins. I further agree you may grant me a forbearance for the purpose of aligning the first payment date of this loan with other loans reflected on my Repayment Schedule or for the purpose of eliminating a delinquency which persists even though I am making regularly scheduled payments. If a forbearance is granted in either of these two situations, you will capitalize any accrued interest.

**X. Prepayment.** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest which I have paid.

**XI. Credit Bureau Notification.** I have read and understand the Credit Bureau Notification Information provided in the General Information section of this Application Booklet.

### Borrower Certification

By my signature on this Note I certify under penalty of perjury under the laws of the United States of America that the following is true and correct. The information contained in this Application is true, complete and correct to the best of my knowledge and belief and is made in good faith. If I am applying for a PLUS Loan as a parent, I certify I am the natural or adoptive mother or father or legal guardian of the student named in Section IB. The proceeds of any loan made as a result of this Application will be used solely for education expenses for the loan period covered by this Application and at the school described in Section IA. I understand that any funds I receive on behalf of the student named in Section IB, who is my dependent, which cannot reasonably be attributed to meeting the education expenses of the student related to attendance at the school named in Section II for the loan period stated must be returned immediately to the Lender. I authorize the Lender to issue a check covering the proceeds of my loan, in full or in part, made payable to me or at the Lender's option, jointly payable to me and the school, and sent to the school if I am a Student Borrower. I certify that the total amount of loans received under the PLUS/SLS Loan Programs of Title IV, Part B of

the Higher Education Act of 1965, as amended, will not exceed the allowable maximums. The Lender is authorized to check my credit and employment history to determine my ability to repay this loan. I am not now in default on a Perkins Loan, a Federal Insured Student Loan, a Stafford Loan, a Health Education Assistance Loan, a PLUS/SLS Loan, an Income Contingent Loan or a Consolidation Loan, unless I have otherwise indicated. I further certify I do not now owe a repayment on a Pell Grant, Byrd Scholarship, Supplemental Grant, or State Student Incentive Grant.

I, the Borrower, understand I will receive a Notice of Loan Guarantee and Disclosure Statement which identifies my loan amount (as determined by the Lender), the fee amounts, disbursement dates, grace period, interest rate, due dates, and late charges. I understand and agree that if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on the Application and Promissory Note, the information on the Notice of Loan Guarantee and Disclosure Statement is controlling.

### Student Certification

By my signature on this Note I certify under penalty of perjury under the laws of the United States of America that the following is true and correct. The information contained in this Application is true, complete, and correct to the best of my knowledge and belief and is made in good faith. If this is an Application for a PLUS Loan, the Borrower identified in Section IA is my natural or adoptive father, mother or legal guardian and to the best of my knowledge, I am dependent upon the Borrower identified in Section 1A for the purpose of securing student financial aid. I hereby authorize the school named in Section II to pay to the Lender named in Section III any refund which may be due to me up to the amount of this loan. I hereby

authorize any school that I may attend to release to you or the Guarantor, U.S. Department of Education, or their agents, any requested information pertinent to this loan (e.g., enrollment status, financial assistance, employment, or current address). I am not now in default on a Perkins Loan, a Federal Insured Student Loan, a Stafford Loan, a Health Education Assistance Loan, a PLUS/SLS Loan, an Income Contingent Loan or a Consolidation Loan, unless I have otherwise indicated. I do not now owe a repayment on a Pell Grant, Byrd Scholarship, Supplemental Grant, or State Student Incentive Grant.

**NOTICE TO BORROWER AND COSIGNER: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.**





**USAFunds**

UNITED STUDENT AID FUNDS, INC.
C/O SALLIE MAE, INC.
P.O. BOX 6108
INDIANAPOLIS IN 46206-6108

### IDEMNIFICATION AGREEMENT FOR THE ASSIGNMENT OF FEDERAL FAMILY EDUCATION LOAN WITH DAMAGED PROMISSORY NOTE OR PROMISSORY NOTE WITH UNINITIALED ALTERATIONS

Borrower's Current Name:   BREZOVSKY SANDRA K
                          (Last, First, Middle)

Borrower's Previous Name: _____
                          (Last, First, Middle)

Borrower's Correct SSN:   ███-7955

First Disbursement Date:   10/08/1992

Last Disbursement Date:   01/04/1993

Disbursement Amount:   $4,000.00

In assigning Stafford Student Loans/Supplemental Loans for Students/Parent (PLUS) Loans/Consolidated Loans to the Secretary of Education (hereinafter "the Secretary"), United Student Aid Funds, Inc.  (hereinafter "Guaranty Agency") agrees that if any loan assigned to the Secretary by the Guaranty Agency without an original promissory note or certified true copy in good condition should become uncollectible by reason of such damaged promissory note or because it contains alterations without the borrower's intials, or if the Secretary, in his sole descretion, determines that the loan cannot be enforced because of the damaged or altered promissory note, the Secretary is entitled to recover from the Guaranty Agency the amount of reinsurance attributable to such loan previously paid to the Guaranty Agency, plus interest from the date the reinsurance was paid.  The Secretary may recover amounts due under this agreement by withholding such amounts from any payments due to the Guaranty Agency from the Department of Education.

The Guaranty Agency also agrees that the assignment of any loan covered by this Agreement includes the assignment to the Secretary of any rights held by the Guaranty Agency under any indemnification agreement or warranty executed by the lender in favor of the Guaranty Agency (lender indemnification agreement).  In the event the Secretary recovers from the Guaranty Agency the amount paid in reinsurance for a loan covered by the agreement, the Secretary will release to the Guaranty Agency his rights in the applicable lender indemnification agreement.

06/13/2007
DATE

_____
Signature of Guaranty Agency Official

Kristofer Lyon
Vice President DMO Portfolio Management
as authorized agent for
United Student Aid Funds, Inc.

DSUAUS

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #5 OF 5

> Sandra K. Brezovsky
> Aka: Sandra Kay Brezovsky, Sandra Brezovsky,
> Sandra Kay McDonald, Sandra McDonald, Sandra K.
> McDonald
> 26886 State Hwy 38
> Scottsburg, OR 97473-9703
> Account No. XXXXX7955

I certify that U.S. Department of Education records show that the BORROWER named above is indebted to the United States in the amount stated below plus additional interest from 08/28/17.

On or about 12/10/93, 07/05/94, 07/13/95 and 05/28/96, the BORROWER executed promissory note(s) to secure loan(s) of $5,000.00, $7,500.00, $9,000.00 and $7,500.00 from First Interstate Bank Arizona, Killeen, TX. This loan was disbursed for $3,500.00 on 01/13/94, $3,500.00 on 8/9/94 - 01/04/95 and $4,000.00 on 09/20/94 - 01/03/95, $3,500.00 & $4,000.00 on 10/06/95 – 12/29/95 and $3,500.00 & $886.00 on 09/19/96 – 10/14/96 at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by United Student Aid Funds, Inc., and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The BORROWER defaulted on the obligation on 09/07/00, 10/30/00 and 09/14/00, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $31,475.41 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the BORROWER. The guarantor was unable to collect the full amount due, and on 09/19/07, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the BORROWER now owes the United States the following:

Principal:              $31,475.41
Interest:               $25,021.44
Total debt as of 08/28/17:        $56,496.85

Interest accrues on the principal shown here at the current rate of 4.08% and a daily rate of $3.52 through June 30, 2018, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on:  10/26/17

Loan Analyst
Litigation Support Unit

**Philippe Guillon**
**Loan Analyst**

**Application and Promissory Note**
for Federal Stafford Loans (Subsidized and Unsubsidized)
and Federal Supplemental Loans for Students (SLS)

Guarantor or Program Certification
ARIZONA EDUCATION LOAN PROGRAM
AZ

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097

**BORROWER SECTION**   Please Print Neatly or Type   READ THE INSTRUCTIONS CAREFULLY

| 1. Last Name | First Name | MI | 2. Social Security Number |
|---|---|---|---|
| Brezovsky | Sandra | Kay | 1795 |

3. Permanent Street Address (If P.O. Box, see instructions)
228 W 1st

4. Telephone Number
(602) 628 8196

5. Loan Period (MO/YR)
From: 09-93  To: 5-94

| City | State | Zip Code |
|---|---|---|
| Tucson | AZ | 85705 |

6. Driver's License Number (List State Abbreviation First)
AZ B1239746

7. Lender Name
1st Interstate Bank

| City | State | Zip Code |
|---|---|---|

8. Lender Code, If Known

9. Date of Birth (MO/DAY/YR)

10. a. Check the interest rate for your most recent Federal Stafford Loan, if any:
7% ☑   8% ☐   9% ☐   8/10% ☐   Variable ☐

b. Do you currently have an outstanding Federal SLS, PLUS, or Consolidation Loan(s) at agencies other than the one this application will be processed by? If yes, check here: ☐

11. REFERENCES: You must provide two separate references with different addresses. Both references must be completed fully.

| | | |
|---|---|---|
| Name | Cindy Stack | Carolyn Brown |
| Permanent Address | | |
| City, State, Zip Code | | |
| Area Code/Telephone | | |
| Relationship to Borrower | | |

**LOAN ASSISTANCE REQUESTED**

12. I wish to apply for the following types of loans in the order presented to the extent that I am eligible   (See instructions - Select all that apply)

a. ☒ SUBSIDIZED FEDERAL STAFFORD
b. ☐ UNSUBSIDIZED FEDERAL STAFFORD
c. ☒ FEDERAL SUPPLEMENTAL LOANS FOR STUDENTS (SLS)

13. I request a total amount under these programs not to exceed (see instructions for loan maximums). My school will certify my eligibility for each program for which I am applying. The amount and other details of my loan(s) will be described to me in a Disclosure Statement.
$ 5000

14. If I check yes, I am requesting postponement (deferment) of repayment for my Stafford and SLS loan(s) during the in-school and grace periods. If I check no, I do not want to defer repayment
a. Yes, I want a deferment: ☒   b. No, I do not want a deferment: ☐

15. If I check yes, I am requesting that the lender add the interest on my unsubsidized Stafford and SLS loan(s) which accrues during the in-school and deferment periods, to my loan principal (capitalization). If I check no, I prefer to pay the interest.
a. Yes, I want my interest capitalized: ☒   b. No, I prefer to pay the interest.

16. If my school participates in EFT, I authorize the school to transfer the loan proceeds received by EFT to my student account.
a. Yes ☐   b. No ☒

17. Are you delinquent on any non Title IV federal debt?
a. Yes ☐   b. No ☒

**PROMISSORY NOTE**   (Continued on the reverse side)
**PROMISE TO PAY**

I promise to pay to the Lender, or a subsequent holder of this Promissory Note, all sums disbursed (hereafter 'loan' or 'loans') under the terms of this Note, plus interest and other fees which may become due as provided in this Note. If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs and collection fees. I understand I may cancel or reduce the size of any loan by refusing to accept any disbursement that is issued.

I understand that this is a Promissory Note. I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised. My signature certifies I have read and agree to the terms and conditions, including the 'Borrower's Certification,' printed on the reverse side of this Application and Promissory Note.

**THIS IS A LOAN(S) THAT MUST BE REPAID**

18. Borrower's Signature   Sandra Brezovsky

Today's Date (MO/DAY/YR)   12/1/93

**SCHOOL CERTIFICATION SECTION**   TO BE COMPLETED BY SCHOOL

| 19. School Name | 25. School Code/Branch | 30. Telephone Number |
|---|---|---|
| PIMA COMMUNITY COLLEGE | 007266-00 | ( 602 ) 748-4950 |

20. Street Address
4907 E BROADWAY

| City | State | Zip Code |
|---|---|---|
| TUCSON | AZ | 85709-1110 |

26. Cost of Attendance
$ 9368 00

27. Federal Expected Family Contribution
$ 444 00

28. Estimated Financial Aid
$ 2850 00

29. Certified Loan Amount(s)
a. Subsidized  $ 3500 00
b. Unsubsidized $ 0 00
c. SLS $ 3018 00

21. Loan Period (MO/DAY/YR)
From 8/23/93 To 5/10/94

22. Grade Level

23. Enrollment Status:
Full Time ☐   At Least Half-Time ☒

24. Anticipated Completion (Graduation) Date (MO/DAY/YR)
6/30/96

31. Recommended Disbursement Date(s) (MO/DAY/YR)
1st. 12/24/93   2nd. 1/4/94
3rd.   4th.

My Signature Certifies that I Have Read and Agreed to the "School Certification" Printed on the Reverse of this Application.

32. Signature of Authorized School Official

Print or Type Name
Mary Holmes, FA Officer

Date
12/17/93

Check box if electronically transmitted to guarantor: ☐

**LENDER SECTION**   TO BE COMPLETED BY LENDER

33. Lender Name
This application has been electronically transmitted

Street Address

| City | State | Zip Code |
|---|---|---|

34. Lender Code/Branch

35. Telephone Number
( )

36. Lender Use Only

37. Amount(s) Approved
a. Subsidized $   b. Unsubsidized $
.00   c SLS $ .00

38. Signature of Authorized Lending Official

Print or Type Name, Title and Date

LENDER COPY

## Promissory Note (continued)

### Disclosure of Terms

This Note may apply to one or more of the following types of loans, which have different terms: subsidized Federal Stafford Loan, unsubsidized Federal Stafford Loan, and Federal Supplemental Loans for Students (SLS). I agree that the lender or any subsequent holder may assign my loan(s) and acknowledge that any one loan may be assigned independently of any other loan to which this Note applies.

At or before the time of my first disbursement, the lender will send me a Disclosure Statement identifying additional terms of each loan. Important additional terms are disclosed in the statement of Borrower's Rights and Responsibilities accompanying this Note.

### Interest

Interest accrues on the unpaid principal balance of each loan from the date of disbursement until the entire principal balance is paid in full. I must pay all interest charges on my unsubsidized Federal Stafford Loan and Federal SLS Loan. For a subsidized Federal Stafford Loan, I do not pay interest payable by the federal government under the Higher Education Act of 1965, as amended, and applicable U.S. Department of Education regulations (collectively referred to as the Act). Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) are those specified in the Act and presented in the statement of Borrower's Rights and Responsibilities. I also may receive rebates of interest as provided by the Act.

Unless I have requested that the interest that accrues on my unsubsidized Federal Stafford and Federal SLS Loans be added to the principal balance of my loans (referred to as Capitalization), I will begin paying interest upon disbursement of such loans. Should I fail to make required payments of interest prior to the commencement of principal repayment, or during a period of authorized deferment or forbearance, I agree that the holder may Capitalize such interest to the extent permitted by the Act.

### Origination Fee and Guarantee Fee

For each loan, the federal government charges an origination fee equal to the amount required by the Act. The guaranty agency that guarantees my loan(s) (the Guarantor) may charge a guarantee fee not to exceed a maximum amount specified in the Act. I will pay these fees, as identified in the Disclosure Statement, which will be deducted proportionately from each disbursement of my loan(s). I understand the origination and guarantee fees are refundable only if a disbursement is canceled or repaid in full within 120 days of disbursement.

### Late Charges and Collection Costs

If I fail to make any part of an installment payment within 10 days after it becomes due, the holder may collect from me a late charge not to exceed 6% of each late installment. If I default on a loan(s), I shall pay reasonable collection fees and costs, plus court costs and attorney fees.

### Repayment

Federal Stafford Loans have a repayment "Grace Period," usually within 6 months after I end enrollment as at least a half-time student at an eligible school. My Grace Period will be disclosed in my Disclosure Statement.

I will repay the principal of my loan(s) in periodic installments during a repayment period(s) that begin(s) (i) in the case of a subsidized or unsubsidized Federal Stafford Loan, on the day immediately following the end of my Grace Period; (ii) in the case of a Federal SLS Loan, on the day of the first disbursement. My principal repayment period for each loan generally lasts five years but may not exceed ten years, exclusive of any period of deferment or forbearance.

The holder of my loan(s) will provide me with a Repayment Schedule that identifies my payment amounts and due dates. The minimum annual payment required on all my Federal Stafford and Federal SLS Loans is $600 or the amount of interest due and payable,

whichever is larger. If I am eligible and I request it, my lender must provide me with a graduated or income-sensitive Repayment Schedule consistent with the provisions of the Act.

My Repayment Schedule may include all of my loans that are owned by the holder of this Note. I agree the holder may grant me a forbearance for purposes of aligning payment dates on my loans or to eliminate a delinquency that persists even though I am making scheduled payments. I may prepay all or any part of the unpaid balance on my loans at any time without penalty.

### Acceleration and Default

At the option of the holder, the entire unpaid balance shall become immediately due and payable upon the occurrence of any one of the following events: (i) I fail to enroll as at least a half-time student at the school that certified my Application; (ii) I fail to use the proceeds of the loan(s) solely for educational expenses; (iii) I make false representation that results in my receiving a loan(s) for which I am not eligible; or (iv) I default on the loan(s).

The following events shall constitute a default on a loan: (i) I fail to pay the entire unpaid balance after the holder has exercised its option under the preceding paragraph, or (ii) I fail to make installment payments when due, or fail to comply with other terms of the loan(s), and the Guarantor reasonably concludes I no longer intend to honor my repayment obligation, provided my failure has persisted for at least 180 days for payments due monthly or 240 days for payments due less frequently than monthly. If I default, the Guarantor may purchase my loan, and Capitalize all then-outstanding interest into a new principal balance, and collection fees will become immediately due and payable.

If I default, this will be reported to National Credit Bureau Organizations and will significantly and adversely affect my credit rating. I acknowledge that a default shall have additional consequences to me as disclosed in the statement of Borrower's Rights and Responsibilities. Following default, the loan(s) may be

subject to income-contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

### Governing Law and Notices

The terms of this Note will be interpreted in accordance with the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.), other applicable federal statutes and regulations, and the Guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies and defenses in addition to those stated in this Note.

If this loan is made by the school, or if the proceeds of this loan are used to pay tuition and charges of a for-profit school that refers loan applicants to the lender, or that is affiliated with the lender by common control, contract or business arrangement, any holder of this Note is subject to all claims and defenses which I could assert against the school. My recovery under this provision shall not exceed the amount I paid on this loan.

If I reside in the state in which the principal office of the Guarantor is located, the Guarantor may sue to enforce this loan in the county in which the Guarantor's office is located. However, if I object to being sued there and I mail a written objection to the Guarantor that is postmarked no later than 30 days after I am served with the suit, the Guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if mailed by first class mail to the latest address I have provided to the holder of this Note, or if the holder reasonably determines that this address is no longer my address, to the latest address secured by the holder from the Department of Education or other reliable source. Failure by the holder to enforce or insist on compliance with any term on this Note shall not be a waiver of any right of the holder. No provision of this Note may be modified or waived except in writing. If any provision of this Note is determined to be unenforceable, the remaining provisions shall remain in force.

### Borrower Certification

I declare under penalty of perjury that the following is true and correct: (1) I certify that the information contained in the Borrower Section of the Application is true, complete, and correct to the best of my knowledge and belief and is made in good faith. (2) I certify that loan proceeds will be used for authorized educational expenses and that I will immediately repay any loan proceeds that cannot reasonably be attributed to educational expenses for attendance on at least a half-time basis at the certifying school for the loan period certified on the Application. (3) I certify that the total amount of loans I receive under this Note will not exceed the allowable maximums under the Act. (4) I authorize my school to pay to the holder any refund, not that may be due to me up to the amount of the loan(s). (5) I certify that I do not have owe a refund on a Federal Pell Grant, Basic Educational Opportunity Grant, Supplemental Educational Opportunity Grant, or a State Student Incentive Grant and that I am not now in default on any loan received under the Federal Perkins Loan Program (including

For value received, Sallie Mae Servicing Corporation/PA for the Student Loan Marketing Association, hereby assigns and transfers all right, title, and interest arising from this note to United Student Aid Funds without recourse or warranty.

_7/20/00_        _Hamiel Keating_
Date              Authorized Signature

CLAIMS ANALYST
Title

eligible for loan(s) in the amount(s) certified. I further certify that the disbursement schedule complies with the requirements of the Act and hereby authorize the Guarantor to adjust disbursement dates if necessary to ensure compliance with the Act. I further certify that, based on records available and due inquiry, the borrower has met the requirements of the Selective Service Act, that the borrower is not liable for an overpayment of any federal grant made under the Act, and that the information provided in the Borrower and the School sections of the Application (including information supplied in electronic format) is true, complete and accurate to the best of my knowledge and belief. I agree to provide the borrower with confirmation of any transfer of funds through EFT to the borrower's student account.

## Application and Promissory Note
### for Federal Stafford Loans (Subsidized and Unsubsidized) and Federal Supplemental Loans for Students (SLS)

**Guarantor or Program Certification**

**ARIZONA EDUCATION LOAN PROGRAM**

**AZ**

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097

**BORROWER SECTION** — Please Print Neatly or Type — **READ THE INSTRUCTIONS CAREFULLY**

| 1. Last Name | First Name | MI | 2. Social Security Number |
|---|---|---|---|
| Brezovsky | Sandra | Kay | |

| 3. Permanent Street Address (or P.O. Box, see instructions) | 4. Telephone Number | 5. Loan Period (MO/YR) |
|---|---|---|
| 228 W 1st | (602) 628-8196 | From 09-93 To 5-94 |

| City | State | Zip Code | 6. Driver's License Number | (List State Abbreviation First) |
|---|---|---|---|---|
| Tucson | AZ | 85705 | B12397461 | AZ |

| 7. Lender Name | City | State | Zip Code | 8. Lender Code, if Known | 9. Date of Birth (MO/DAY/YR) |
|---|---|---|---|---|---|
| 1st Interstate Bank | | | | | |

10. a. Check the interest rate for your most recent Federal Stafford Loan, if any:  7% ☑  8% ☐  9% ☐  8/10% ☐  Variable ☐
b. Do you currently have an outstanding Federal SLS, PLUS, or Consolidation Loan(s) at agencies other than the one this application will be processed by? If yes, check here: ☐

11. REFERENCES: You must provide two separate references with different addresses. Both references must be completed fully.

| | | |
|---|---|---|
| Name | Cindy Stark | Carolyn Brown |
| Permanent Address | | |
| City, State, Zip Code | | |
| Area Code/Telephone | | |
| Relationship to Borrower | | |

**LOAN ASSISTANCE REQUESTED**

12. I wish to apply for the following types of loans in the order presented to the extent that I am eligible (See instructions - Select all that apply)

a. ☒ SUBSIDIZED FEDERAL STAFFORD   b. ☐ UNSUBSIDIZED FEDERAL STAFFORD   c. ☒ FEDERAL SUPPLEMENTAL LOANS FOR STUDENTS (SLS)

13. I request a total amount under these programs not to exceed (see instructions for loan maximums). My school will certify my eligibility for each program for which I am applying. The amount and other details of my loan(s) will be described to me in a Disclosure Statement.   $ 5000

14. If I check yes, I am requesting postponement (deferment) of repayment for my Stafford loan(s) during the in-school and grace periods. If I check no, I do not want to defer repayment.   a. Yes, I want a deferment. ☒   b. No, I do not want a deferment. ☐

15. If I check yes, I am requesting that the lender add the interest on my unsubsidized Stafford and SLS loan(s) which accrues during the in-school and deferment periods, to my loan principal (capitalization). If I check no, I prefer to pay the interest.   a. Yes, I want my interest capitalized. ☒   b. No, I prefer to pay the interest.

16. If my school participates in EFT, I authorize the school to transfer the loan proceeds received by EFT to my student account.   a. Yes ☐   b. No ☒

17. Are you delinquent on any non Title IV federal debt?   a. Yes ☐   b. No ☒

**PROMISSORY NOTE** (Continued on the reverse side)

**PROMISE TO PAY**

I promise to pay to the Lender, or a subsequent holder of this Promissory Note, all sums disbursed (hereafter 'loan' or 'loans') under the terms of this Note, plus interest and other fees which may become due as provided in this Note. If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs and collection fees. I understand I may cancel or reduce the size of any loan by refusing to accept any disbursement that is issued.

I understand that this is a Promissory Note. I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised. My signature certifies I have read and agree to the terms and conditions, including the 'Borrower's Certification,' printed on the reverse side of this Application and Promissory Note.

**THIS IS A LOAN(S) THAT MUST BE REPAID**

18. Borrower's Signature _Sandra Brezovsky_   Today's Date (MO/DAY/YR) 12/10/93

**SCHOOL CERTIFICATION SECTION** — TO BE COMPLETED BY SCHOOL

| 19. School Name | 25. School Code/Branch | 30. Telephone Number |
|---|---|---|
| PIMA COMMUNITY COLLEGE | 007266-00 | ( 602 ) 748-4950 |

| 20. Street Address | 26. Cost of Attendance | 31. Recommended Disbursement Date(s) (MO/DAY/YR) |
|---|---|---|
| 4907 E BROADWAY | $ 9368 .00 | 1st. 12/24/93  2nd. 1/4/94 |

| City | State | Zip Code | 27. Federal Expected Family Contribution | |
|---|---|---|---|---|
| TUCSON | AZ | 85709-1110 | $ 444 .00 | 3rd. ___ 4th. ___ |

| 21. Loan Period (MO/DAY/YR) | 28. Estimated Financial Aid |
|---|---|
| From 8/23/93 To 5/10/94 | $ 2850 .00 |

My Signature Certifies that I Have Read and Agreed to the "School Certification" Printed on the Reverse Side of this Application.

| 22. Grade Level | 29. Certified Loan Amount(s) | 32. Signature of Authorized School Official |
|---|---|---|
| | a. Subsidized $ 3500 .00 | _Mary Holmes_ |

23. Enrollment Status:
Full Time ☐   At Least Half-Time ☒

| | b. Unsubsidized $ 0 .00 | Print or Type Name Mary Holmes, FA Officer |
|---|---|---|

24. Anticipated Completion (Graduation) Date (MO/DAY/YR)   6/30/96

| | c. SLS $ 3018 .00 | Date 12/17/93   Check box if electronically transmitted to guarantor. ☐ |
|---|---|---|

**LENDER SECTION** — TO BE COMPLETED BY LENDER

33. Lender Name   This application has been electronically transmitted

Street Address

City   State   Zip Code

| 34. Lender Code/Branch | 35. Telephone Number | 36. Lender Use Only |
|---|---|---|
| | ( ) | |

37. Amount(s) Approved
a. Subsidized $ _____ .00   b. Unsubsidized $ _____ .00   c. SLS $ _____ .00

38. Signature of Authorized Lending Official

Print or Type Name, Title and Date

LENDER COPY

# Promissory Note (continued)

## Disclosure of Terms

This Note may apply to one or more of the following types of loans, which have different terms: subsidized Federal Stafford Loan, unsubsidized Federal Stafford Loan, and Federal Supplemental Loans for Students (SLS). I agree that the lender or any subsequent holder may assign my loan(s) and acknowledge that any one loan may be assigned independently of any other loan to which this Note applies.

At or before the time of my first disbursement, the lender will send me a Disclosure Statement identifying additional terms of each loan. Important additional terms are disclosed in the statement of Borrower's Rights and Responsibilities accompanying this Note.

## Interest

Interest accrues on the unpaid principal balance of each loan from the date of disbursement until the entire principal balance is paid in full. I must pay all interest charges on my unsubsidized Federal Stafford Loan and Federal SLS Loan. For a subsidized Federal Stafford Loan, I do not pay interest payable by the federal government under the Higher Education Act of 1965, as amended, and applicable U.S. Department of Education regulations (collectively referred to as the Act). Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) are those specified in the Act and presented in the statement of Borrower's Rights and Responsibilities. I also may receive rebates of interest as provided by the Act.

Unless I have requested that the interest that accrues on my unsubsidized Federal Stafford and Federal SLS Loans be added to the principal balance of my loans (referred to as Capitalization), I will begin paying interest upon disbursement of such loans. Should I fail to make required payments of interest prior to the commencement of principal repayment, or during a period of authorized deferment or forbearance, I agree that the holder may Capitalize such interest to the extent permitted by the Act.

## Origination Fee and Guarantee Fee

For each loan, the federal government charges an origination fee equal to the amount required by the Act. The guaranty agency that guarantees my loan(s) (the Guarantor) may charge a guarantee fee not to exceed a maximum amount specified in the Act. I will pay these fees, as identified in the Disclosure Statement, which will be deducted proportionately from each disbursement of my loan(s). I understand the origination and guarantee fees are refundable only if a disbursement is canceled or repaid in full within 120 days of disbursement.

## Late Charges and Collection Costs

If I fail to make any part of an installment payment within 10 days after it becomes due, the holder may collect from me a late charge not to exceed 6% of each late installment. If I default on a loan(s), I shall pay reasonable collection fees and costs, plus court costs and attorney fees

## Repayment

Federal Stafford Loans have a repayment "Grace Period," usually until 6 months after I end enrollment as at least a half-time student at an eligible school. My Grace Period will be disclosed in my Disclosure Statement.

I will repay the principal of my loan(s) in periodic installments during a repayment period(s) that begin(s) (i) in the case of a subsidized or unsubsidized Federal Stafford Loan, on the day immediately following the end of my Grace Period; (ii) in the case of a Federal SLS Loan, on the day of the final disbursement. My principal repayment period for each loan is generally at least 5 years but may not exceed ten years, exclusive of any period of deferment or forbearance.

The holder of my loan(s) will provide me with a Repayment Schedule that identifies my payment amounts and due dates. The minimum annual payment required on all my Federal Stafford and Federal SLS Loans is $600 or the amount of interest due and payable,

whichever is larger. If I am eligible and I request it, my lender must provide me with a graduated or income-sensitive Repayment Schedule consistent with the provisions of the Act.

My Repayment Schedule may include all of my loans that are owned by the holder of this Note. I agree the holder may grant me a forbearance for purposes of aligning payment dates on my loans or to eliminate a delinquency that persists even though I am making scheduled payments. I may prepay all or any part of the unpaid balance on my loans at any time without penalty.

## Acceleration and Default

At the option of the holder, the entire unpaid balance shall become immediately due and payable upon the occurrence of any one of the following events: (i) I fail to enroll as at least a half-time student at the school that certified my Application; (ii) I fail to use the proceeds of the loan(s) solely for educational expenses; (iii) I make false representation that results in my receiving a loan(s) for which I am not eligible; or (iv) I default on the loan(s).

The following events shall constitute a default on a loan: (i) I fail to pay the entire unpaid balance after the holder has exercised its option under the preceding paragraph, or (ii) I fail to make installment payments when due, or fail to comply with other terms of the loan(s), and the Guarantor reasonably concludes I no longer intend to honor my repayment obligation, provided my failure has persisted for at least 180 days for payments due monthly or 240 days for payments due less frequently than monthly. If I default, the Guarantor may purchase my loan, and Capitalize all then-outstanding interest into a new principal balance, and collection fees will become immediately due and payable.

If I default, this will be reported to National Credit Bureau Organizations and will significantly and adversely affect my credit rating. I acknowledge that a default shall have additional adverse consequences to me as disclosed in the statement of Borrower's Rights and Responsibilities. Following default, the loan(s) may be

subject to income-contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act

## Governing Law and Notices

The terms of this Note will be interpreted in accordance with the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq), other applicable federal statutes and regulations, and the Guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies and defenses in addition to those stated in this Note.

If this loan is made by the school, or if the proceeds of this loan are used to pay tuition and charges at a for-profit school that refers loan applicants to the lender, or that is affiliated with the lender by common control, contract or business arrangement, any holder of this Note is subject to all claims and defenses which I could assert against the school. My recovery under this provision shall not exceed the amount I paid on this loan

If I reside in the state in which the principal office of the Guarantor is located, the Guarantor may sue to enforce this loan in the county in which the Guarantor's office is located. However, if I object to being sued there and I mail a written objection to the Guarantor that is postmarked no later than 30 days after I am served with the suit, the Guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit

Any notice required to be given to me will be effective if mailed by first class mail to the latest address I have provided to the holder of this Note, or if the holder reasonably determines that this address is no longer my address, to the latest address secured by the holder from the Department of Education or other reliable source Failure by the holder to enforce or insist on compliance with any term on this Note shall not be a waiver of any right of the holder. No provision of this Note may be modified or waived except in writing. If any provision of this Note is determined to be unenforceable, the remaining provisions shall remain in force.

## Borrower Certification

I declare under penalty of perjury that the following is true and correct· (1) I certify that the information contained in the Borrower Section of the Application is true, complete, and correct to the best of my knowledge and belief and is made in good faith. (2) I certify that loan proceeds will be used for authorized educational expenses and that I will immediately repay any loan proceeds that cannot reasonably be attributed to educational expenses for attendance on at least a half-time basis at the certifying school for the loan period certified on the Application. (3) I certify that the total amount of loans I receive under this Note will not exceed the allowable maximums under the Act (4) I authorize my school to pay to the holder any refund, that may be due to me up to the amount of the loan(s) (5) I certify that I do not now owe a refund on a Federal Pell Grant, Basic Educational Opportunity Grant, Supplemental Educational Opportunity Grant, or a State Student Incentive Grant and that I am not now in default on any loan received under the Federal Perkins Loan Program (including

For value received, Sallie Mae Servicing Corporation/PA for the Student Loan Marketing Association, hereby assigns and transfers all right, title, and interest arising from this note to United Student Aid Funds without recourse or warranty.

| | |
|---|---|
| 7/20/00 | Daniel Keating |
| Date | Authorized Signature |
| | CLAIMS ANALYST |
| | Title |

eligible for loan(s) in the amount(s) certified I further certify that the disbursement schedule complies with the requirements of the Act and hereby authorize the Guarantor to adjust disbursement dates if necessary to ensure compliance with the Act. I further certify that, based on records available and due inquiry, the borrower has met the requirements of the Selective Service Act, that the borrower is not liable for an overpayment of any federal grant made under the Act, and that the information provided in the Borrower and the School sections of the Application (including information supplied in electronic format) is true, complete and accurate to the best of my knowledge and belief. I agree to provide the borrower with confirmation of any transfer of funds through EFT to the borrower's student account.

34

## Application and Promissory Note for Federal Stafford Loans (subsidized and unsubsidized)

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097.

Guarantor or Program Identification
**ARIZONA EDUCATION LOAN PROGRAM**
AZ

94

### Borrower Section
*Please print neatly or type. Read the instructions carefully.*

1. Last Name **Brezovsky** First Name **Sandra** MI **K** | 2. Social Security Number **79055**

3. Permanent Street Address (If P.O. Box, see instructions.) **228 W 19t 85705**
City **Tucson** State **Az** Zip Code **857**

4. Telephone Number **(602) 628-8196**
5. Loan Period (Month/Year) From **894** To **5 95**
6. Driver's License Number (List state abbreviation first.) **B12 397 46 1** **AZ**

7. Lender Name **1st Interstate Bank** City State Zip Code
8. Lender Code, if known
9. Date of Birth (Month/Day/Year)

10. References: You must provide two separate references with different U.S. addresses. The first reference should be a parent or legal guardian (if living). Both references must be completed fully.

| | Name | |
|---|---|---|
| 1. | Cindy Stark | 2. Kim Swortland |
| Permanent Address | | |
| City, State, Zip Code | | |
| Area Code/Telephone | | |
| Relationship to Borrower | | |

### Loan Assistance Requested

11. I request the following loan type(s), to the extent I am eligible (see instructions):
☒ a. Subsidized Federal Stafford    ☐ b. Unsubsidized Federal Stafford

12. I request a total amount under these loan types not to exceed (see instructions for loan maximums). My school will certify my eligibility for each loan type for which I am applying. The amount and other details of my loan(s) will be described to me in a disclosure statement
$ **1500 SKD** .00

13. If I check yes, I am requesting postponement (deferment) of repayment for my Stafford and prior SLS loan(s) during the in-school and grace periods. If I check no, I do not want to defer repayment.
☒ a. Yes, I want a deferment    ☐ b. No, I do not want a deferment

14. If I check yes, I am requesting that the lender add the interest on my unsubsidized Stafford and prior SLS loan(s) which accrues during the in-school and deferment periods, to my loan principal (capitalization). If I check no, I prefer to pay the interest.
☒ a. Yes, I want my interest capitalized    ☐ b. No, I prefer to pay the interest

15. If my school participates in electronic funds transfer (EFT), I authorize the school to transfer the loan proceeds received by EFT to my student account.
☐ a. Yes, transfer funds    ☒ b. No, do not transfer funds

### Promissory Note RECEIVED
*Continued on the reverse side.*

**Promise to Pay:** I promise to pay to the lender, or a subsequent holder of this Promissory Note, all sums disbursed (hereafter "loan" or "loans") under the terms of this Note, plus interest and other fees which may become due as provided on the 504. If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs, and collection fees. I understand I may cancel or reduce the size of any loan by refusing to accept any disbursement that is issued. I understand that this is a Promissory Note. I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised. I am entitled to an exact copy of this Promissory Note and the Borrower's Rights and Responsibilities. My signature certifies I have read, understand, and agree to the terms and conditions of this Application and Promissory Note, including the Borrower Certification and Authorization printed on the reverse side and the accompanying Borrower's Rights and Responsibilities statement.

**THIS IS A LOAN(S) THAT MUST BE REPAID.**

16. Borrower's Signature *Sandra Brezovsky*    Today's Date (Month/Day/Year) **7/05/94**

### School Section
*To be completed by an authorized school official.*

17. School Name **PIMA COUNTY COMMUNITY CLG**
18. Street Address **4907 E BROADWAY**
City **TUCSON** State **AZ** Zip Code **85709-1110**
19. Loan Period (Month/Year) From **8/22/94** To **5/9/95**
20. Grade Level **2**
21. Enrollment Status (Check one) ☐ Full Time ☒ At Least Half Time
22. Anticipated Completion (Graduation) Date (Month/Day/Year) **1/28/96**

23. School Code/Branch **007266-00**
24. Cost of Attendance $ **9652** .00
25. Federal Expected Family Contribution $ **5620** .00
26. Estimated Financial Aid $ **1739** .00
27. Certified Loan Amounts
  a. Subsidized $ **3508** .00
  b. Unsubsidized $ **4000** .00

28. Telephone Number **(602) 748-4950**
29. Recommended Disbursement Date(s) (Month/Day/Year) 1st **8/8/94** 2nd **1/2/95** 3rd 4th
30. School Certification (See box on the reverse side.) *This application was permanently electronically certified by*
Signature of Authorized School Official **MARY HUGHES, FA OFC**
Who **MARY HUGHES** When **7/25/94**
Date
Check box if electronically transmitted to guarantor ☐

### Lender Section
*To be completed by an authorized lending official.*

31. Lender Name
Street Address
City State Zip Code

32. Lender Code/Branch
33. Telephone Number ( )
34. Lender Use Only
35. Amount(s) Approved
  a. Subsidized $ .00 b. Unsubsidized $ .00
36. Signature of Authorized Lending Official    Print or Type Name, Title, and Date **AUG 04 1994**

1/31/94

LENDER COPY

# Promissory Note *(continued)*

## Disclosure of Terms

This Note applies to subsidized and unsubsidized Federal Stafford Loans. I agree that the lender or any subsequent holder may assign my loan(s) and acknowledge that either loan may be assigned independently of the other loan to which this Note applies.

At or before the time of my first disbursement, the lender will send me a disclosure statement identifying additional terms of each loan. Important additional information is also disclosed in the statement of Borrower's Rights and Responsibilities accompanying this Note

## Interest

Unless any lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) are those specified in the Higher Education Act of 1965, as amended, and applicable U.S. Department of Education regulations (collectively referred to as the Act). The rate is presented in the statement of Borrower's Rights and Responsibilities

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the entire principal balance is paid in full. I agree to pay all interest charges on my unsubsidized Federal Stafford Loan I agree to pay all interest charges on my subsidized Federal Stafford Loan except interest payable by the federal government under the Act

Unless I have requested that the interest that accrues on my unsubsidized Federal Stafford Loan be added to the principal balance of my loan (referred to as capitalization). I will begin paying interest upon disbursement If I fail to make required payments of interest before the beginning of principal repayment, or during a period of authorized deferment or forbearance, I agree that the holder may capitalize such interest to the extent permitted by the Act

## Origination Fee and Guarantee Fee

For each loan, the federal government charges an origination fee equal to the amount required by the Act. The guaranty agency that guarantees my loan(s) (the guarantor) may charge a guarantee fee not to exceed a maximum amount specified in the Act I will pay these fees, as identified in the disclosure statement, which will be deducted proportionately from each disbursement of my loan(s) I understand the origination and guarantee fees are refundable only if a disbursement is cancelled or repaid in full within 120 days of disbursement

## Late Charges and Collection Costs

If I fail to make any part of an installment payment within 10 days after it becomes due, the holder may collect from me a late charge not to exceed 6% of each late installment If I default on a loan(s), I shall pay reasonable collection fees and costs, plus court costs and attorney fees.

## Repayment

I am obligated to repay the full amount of the loan(s) and accrued interest Federal Stafford Loans have a repayment grace period, usually until six months after I end enrollment as a least a half-time student at an eligible school. My grace period will be disclosed in my disclosure statement

I will repay the principal of my loan(s) in periodic installments during a repayment period(s) that begins on the day immediately following the end of my grace period for each loan generally 10 years, exclusive of any

The holder of my loan that identifies its The minimum annual pay Stafford, PLUS, and SLS due and payable, whether request it, my lender must income-sensitive repayment provisions of the Act

My repayment schedule Education Loans that are agree that the holder may of signing payment dates quency that persists every payments

I may prepay all or any loans at any time without loans I am prepaying, the the prepayment

## Acceleration and Default

At the option of the holder, the entire unpaid balance shall become immediately due and payable upon the occurrence of any one of the following events. (i) I fail to enroll as at least a half-time student at the school that certified my Application, (ii) I fail to use the proceeds of the loan(s) solely for educational expenses; (iii) I make a false representation(s) that results in my receiving a loan(s) for which I am not eligible; or (iv) I default on the loan(s)

The following events shall constitute a default on a loan (i) I fail to pay the entire unpaid balance after the holder has exercised its option under the preceding paragraph; or (ii) I fail to make installment payments when due, or fail to comply with other terms of the loan(s), and the guarantor reasonably concludes I no longer intend to honor my repayment obligation, provided my failure has persisted for at least 180 days for payments due monthly or 240 days for payments due less frequently than monthly If I default; the guarantor may purchase my loan, and capitalize all then-outstanding interest into a new principal balance, and collection fees will become immediately due and payable

If I default, this will be reported to national credit bureau organizations and will significantly and adversely affect my credit history I acknowledge that a default shall have additional adverse consequences to me as disclosed in the statement of Borrower's Rights and Responsibilities. Following default, the loan(s) may be subject to income-contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

## Governing Law and Notices

The terms of this Note will be interpreted in accordance with the Higher Education Act of 1965, as amended [20 U.S.C 1070 et seq.], other applicable federal statutes and regulations, and the guarantor's policies Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this Note.

If this loan is made by the school, or if the proceeds of this loan are used to pay tuition and charges of a for-profit school that refers loan applicants to the lender, or that is affiliated with the lender by common control, contract, or business arrangement, any holder of this Note is subject to all claims and defenses which I could assert against the school My recovery under this provision shall not exceed the amount I paid on this loan

If I reside in the state in which the principal office of the guarantor is located, the guarantor may sue to enforce this loan in the county in which the guarantor's office is located However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than 30 days after I am served with the suit, the guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit

Any notice required to be given to me will be effective if mailed by first class mail to the latest address I have provided to the holder of this Note, or if the holder reasonably determines that this address is no longer my address, to the latest address secured by the holder from the Department of Education or other reliable source Failure by the holder to enforce or insist on compliance with any term on this Note shall not be a waiver of any right of the holder No provision of this Note may be modified or waived except in writing

## Borrower Certification and Authorization

I declare under penalty of perjury that the following is true and correct

(1) I certify that the information contained in the Borrower Section of the Application is true, complete, and correct to the best of my knowledge and belief and is made in good faith

(2) I certify that I will immediately repay any loan proceeds that cannot reasonably be attributed to educational expenses for attendance on at least a half-time basis at the certifying school for the loan period certified on the Application.

(3) I certify that the total amount of loans I receive under this Note will not exceed the allowable maximums under the Act.

(4) I certify that I do not now owe a refund on a Federal Pell Grant, Basic Educational Opportunity Grant, Supplemental Educational Opportunity Grant, or a State Student Incentive Grant and that I am not now in default on any loan received under the Federal Perkins Loan Program (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program (or "FFELP" as defined in the statement of Borrower's Rights and Responsibilities) or, if I am in default, I have made payment arrangements that are satisfactory to the holder

(5) I authorize my school to pay to the holder any refund, that may be due to me, up to the amount of the loan(s).

(6) I authorize the holder(s) of my loan(s), the guarantor, or their agents, to investigate my credit record and report information concerning my loan status to proper persons and organizations.

(7) I authorize the release of information pertinent to this loan: (i) by the school, current holder, and the guarantor, or their agents, to members of my immediate family unless I submit written directions otherwise; and, (ii) by and amongst my schools, lenders, guarantors, subsequent holders, the Department of Education and their agents

(8) So that the loan(s) requested can be approved, I authorize the Department of Education to send any information about me that is under its control, including information from the Free Application for Federal Student Aid, to state agencies and non-profit organizations that administer financial aid programs under the FFELP

For value received. Sallie Mae Servicing Corporation/PA for the Student Loan Marketing Association, hereby assigns and transfers all right, title, and interest arising from this note to United Student Aid Funds without recourse or warranty.

7/20/00 — *[signature]* Harriet Keating

**Date**    **Authorized Signature**

**CLAIMS ANALYST**

**Title**

*[stamp: Interstate Bank ... N.A ... 1994]*

compliance with the Act I further cords available and due inquiry, the requirements of the Selective crower is not liable for an over-grant made under the Act, and that d in the Borrower and the School tion (including information supplied true, complete, and accurate to the and belief I agree to provide the tion of any transfer of funds ower's student account

## Application and Promissory Note for Federal Stafford Loans (subsidized and unsubsidized)

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097.

Guarantor or Program Identification
**ARIZONA EDUCATION LOAN PROGRAM**     **94**

AZ

### Borrower Section

Please print neatly or type. Read the instructions carefully.

1. Last Name **Brezovsky**     First Name **Sandra**     MI **K**     2. Social Security Number **7955**

3. Permanent Street Address (If P.O. Box, see instructions) **228 W. 1st**     4. Telephone Number **(520) 622 6132**     5. Loan Period (Month/Year) From: **08 95** To: **05 96**

City **Tucson**     State **AZ**     Zip Code **85705**     6. Driver's License Number (List state abbreviation first) **B12397461 AZ**

7. Lender Name **1st Interstate**     City **Phoenix**     State **AZ**  **850 72or03427**     8. Lender Code, if known **822840**     9. Date of Birth (Month/Day/Year)

10. References: You must provide two separate references with different U.S. addresses. The first reference should be a parent or legal guardian (if living). Both references must be completely filled out.

Name   1. **Cindy Stack**   **Kim Snoetland**

Permanent Address

City, State, Zip Code

Area Code/Telephone

Relationship to Borrower

### Loan Assistance Requested

11. I request the following loan type(s), to the extent I am eligible (see instructions):   ☒ a. Subsidized Federal Stafford   ☒ b. Unsubsidized Federal Stafford   $ **9 000** .00

12. I request a loan amount under these loan types not to exceed (see instructions for loan maximums): My school will certify my eligibility for each loan type for which I am applying. The amount and other details of my loan(s) will be described to me in a disclosure statement.

13. If I check yes, I am requesting postponement (deferment) of repayment for my Stafford and prior SLS loan(s) during the in-school and grace periods. If I check no, I do not want to defer repayment.   ☒ a. Yes, I want a deferment   ☐ b. No, I do not want a deferment

14. If I check yes, I am requesting that the lender add the interest on my unsubsidized Stafford and prior SLS loan(s) which accrues during the in-school and deferment periods, to my loan principal (capitalization). If I check no, I prefer to pay the interest.   ☒ a. Yes, I want my interest capitalized   ☐ b. No, I prefer to pay the interest

15. If my school participates in electronic funds transfer (EFT), I authorize the school to transfer the loan proceeds received by EFT to my student account.   ☒ a. Yes, transfer funds   ☐ b. No, do not transfer funds

### Promissory Note

Continued on the reverse side.

Promise to Pay: I promise to pay to the lender, or a subsequent holder of this Promissory Note, all sums (hereafter "loan" or "loans") under the terms of this Note, plus interest and other fees which may become due as provided in this Note. If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs, and collection fees. I understand I may cancel or reduce the size of any loan by refusing to accept any disbursement that is issued. I understand that this is a Promissory Note. I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised. I am entitled to an exact copy of this Promissory Note and the Borrower's Rights and Responsibilities. My signature certifies I have read, understand, and agree to the terms and conditions of this Application and Promissory Note, including the Borrower Certification and Authorization printed on the reverse side and the accompanying Borrower's Rights and Responsibilities statement.

**THIS IS A LOAN(S) THAT MUST BE REPAID.**

16. Borrower's Signature **Sandra Brezovsky**     Today's Date (Month/Day/Year) **7-13-95**

### School Section

To be completed by an authorized school

17. School Name **PIMA COUNTY COMMUNITY CLG**     23. School Code/Branch **007266-00**     28. Telephone Number **( 602 ) 748-4950**

18. Street Address **4907 E BROADWAY**     24. Cost of Attendance $ **10230** .00     29. Recommended Disbursement Date(s) (Month/Day/Year) 1st **10-2-95** 2nd **1-2-96**

City **TUCSON** State **AZ** Zip Code **85709**     25. Federal Expected Family Contribution $ **655** .00     3rd     4th

19. Loan Period (Month/Year) From: **8-28-95** To: **5-14-96**     26. Estimated Financial Aid $ **1690** .00     30. School Certification (See box on the reverse side.) **Michele L. Agredano** Signature of Authorized School Official

20. Grade Level **2**     27. Certified Loan Amounts     **MICHELE L. AGREDANO, F.A.Spr** Print or Type Name and Title

21. Enrollment Status (Check one) ☒ Full Time ☐ At Least Half Time     a. Subsidized $ **3,500** .00     Date **9-26-95**

22. Anticipated Completion (Graduation) Date (Month/Day/Year) **5-30-96**     b. Unsubsidized $ **4000** .00     ☐ Check box if electronically transmitted to guarantor.

### Lender Section

To be completed by an authorized lending official

**FIRST INTERSTATE BANK - ARIZONA** P.O. BOX 12229     32. Lender Code/Branch     33. Telephone Number **( 800 ) 343-5904**     34. Lender Use Only

Street **#822840**     **KILLEEN, TX 76547-2229**     35. Amount(s) Approved a. Subsidized $ **3500** .00   b. Unsubsidized $ .00

City **1-800-343-5904**     Zip Code     36. Signature of Authorized Lending Official **GEARLINE BLAIR - SANDERS LOAN ORIGINATIONS**

1/01/94

For value received, Sallie Mae Servicing Corporation/PA for the Student Loan Marketing Association, hereby assigns and transfers all right, title, and interest arising from this note to United Student Aid Funds without recourse or warranty.

9/13/00          *Ellen Belle*
Date                  Authorized Signature

CLAIMS ANALYST
Title

This is ........... This is
A True and ....... Copy of the
Original Document

Signed *Ellen Bella*

Dated    9/13/00

".... UNDER PENALTY OF
.... THAT THE FOLLOWING IS
.... AND CORRECT COPY OF THE
....TAL PROMISSORY NOTES"

.. ER T. LYON
.... DIRECTOR OF SALLIE MAE
.... SERVICING INC. AND AUTHORIZED AGENT
.... UNITED STUDENT AID FUNDS.

DATE    7-13-07

*1955*

# Promissory Note *(continued)*

## Disclosure of Terms

This Note applies to subsidized and unsubsidized Federal Stafford Loans. I agree that the lender or any subsequent holder may assign my loan(s) and acknowledge that either loan may be assigned independently of the other loan to which this Note applies.

At or before the time of my first disbursement, the lender will send me a disclosure statement identifying additional terms of each loan. Important additional information is also disclosed in the statement of Borrower's Rights and Responsibilities, accompanying this Note.

## Interest

Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) are those specified in the Higher Education Act of 1965, as amended, and subject to the Act. The rate is presented in the statement of Borrower's Rights and Responsibilities.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the entire principal balance is paid in full. I agree to pay all interest charges on my unsubsidized Federal Stafford Loan. I agree to pay all interest charges on my subsidized Federal Stafford Loan except interest payable by the federal government under the Act.

Unless I have requested that the interest that accrues on my unsubsidized Federal Stafford Loan be added to the principal balance of my loan (referred to as capitalization), I will begin paying interest upon disbursement. If I fail to make required payments of interest before the beginning of principal repayment, or during a period of authorized deferment or forbearance, I agree that the holder may capitalize such interest to the extent permitted by the Act.

## Origination Fee and Guarantee Fee

For each loan, the federal government charges an origination fee equal to the amount required by the Act. The guaranty agency that guarantees my loan(s) (the guarantor) may charge a guarantee fee not to exceed a maximum amount specified in the Act. I will pay these fees, as identified in the disclosure statement, which will be deducted proportionately from each disbursement of my loan(s). I understand the origination and guarantee fees are refundable only if a disbursement is cancelled, or repaid in full within 120 days of disbursement.

## Late Charges and Collection Costs

If I fail to make any part of an installment payment within 10 days after it becomes due, the holder may collect from me a late charge not to exceed 6% of each late installment. If I default on a loan(s), I shall pay reasonable collection fees and costs, plus court costs and attorney fees.

## Repayment

I am obligated to repay the full amount of the loan(s) and accrued interest. Federal Stafford Loans have a repayment grace period, usually until six months after I end enrollment as at least a half-time student at an eligible school. My grace period will be disclosed in my disclosure statement.

I will repay the principal of my loan(s) in periodic installments during a repayment period(s) that begins on the day immediately following the end of my grace period. My principal repayment period for each loan generally lasts five years but may not exceed 10 years, exclusive of any period of deferment or forbearance.

The holder of my loan(s) will provide me with a repayment schedule that identifies my payment amounts and due dates. The minimum annual payment on all my Federal Stafford, PLUS, and SLS Loans is $600 or the amount of interest due and payable, whichever is larger. If I am eligible and I request it, my lender must provide me with a graduated or income-sensitive repayment schedule consistent with the provisions of the Act.

My repayment schedule may include all of my Federal Family Education Loans that are owned by the holder of this Note. I agree that the holder may grant me a forbearance for purposes of aligning payment dates on my loans or to eliminate a delinquency that persists even though I am making scheduled payments.

I may prepay all or any part of the unpaid balance on my loans at any time without penalty. If I do not specify which loans I am prepaying, the holder will determine how to apply the prepayment.

## Acceleration and Default

At the option of the holder, the entire unpaid balance shall become immediately due and payable upon the occurrence of any one of the following events: (i) I fail to enroll as at least a half-time student at the school that certified my Application; (ii) I fail to use the proceeds of the loan(s) solely for educational expenses; (iii) I make a false representation(s) that results in my receiving a loan(s) for which I am not eligible; or (iv) I default on the loan(s).

The following events shall constitute a default on a loan: (i) I fail to pay the entire unpaid balance after the holder has exercised its option under the preceding paragraph; or (ii) I fail to make installment payments when due, or fail to comply with other terms of the loan(s), and the guarantor reasonably concludes I no longer intend to honor my repayment obligation, provided my failure has persisted for at least 180 days for payments due monthly or 240 days for payments due less frequently than monthly. If I default, the guarantor may purchase my loan, and capitalize all then-outstanding interest into a new principal balance, and collection fees will become immediately due and payable.

If I default, this will be reported to national credit bureaus' organizations and will significantly and adversely affect my credit history. I acknowledge that a default shall have additional adverse consequences to me as disclosed in the statement of Borrower's Rights and Responsibilities. Following default, the loan(s) may be subject to income-contingent repayment, (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

## Governing Law and Notices

The terms of this Note will be interpreted in accordance with the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.), other applicable federal statutes and regulations, and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this Note.

If this loan is made by the school, or if the proceeds of this loan are used to pay tuition and charges of a for-profit school that refers loan applicants to the lender, or that is affiliated with the lender by common control, contract, or business arrangement, any holder of this Note is subject to all claims and defenses which I could assert against the school. My recovery under this provision shall not exceed the amount I paid on this loan.

If I reside in the state in which the principal office of the guarantor is located, the guarantor may sue to enforce this loan in the county in which the guarantor's office is located. However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than 30 days after I am served with the suit, the guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if mailed by first class mail to the latest address I have provided to the holder of this Note, or to the holder reasonably determines that this address is no longer my address, to the latest address secured by the holder from the Department of Education or other reliable source. Failure by the holder to enforce or insist on compliance with any term on this Note shall not be a waiver of any right of the holder. No provision of this Note may be modified or waived except in writing. If any provision of this Note is determined to be unenforceable, the remaining provisions shall remain in force.

Poor Source Original
Document Retained

## Borrower Certification and Authorization

I declare under penalty of perjury that the following is true and correct:

(1) I certify that the information contained in the Borrower Section of the Application is true, complete, and correct to the best of my knowledge and belief and is made in good faith.

(2) I certify that I will immediately repay any loan proceeds that cannot reasonably be attributed to educational expenses for attendance on at least a half-time basis at the certifying school for the loan period certified on the Application.

(3) I certify that the total amount of loans I receive under this Note will not exceed the allowable maximums under the Act.

(4) I certify that I do not now owe a refund on a Federal Pell Grant, Basic Educational Opportunity Grant, Supplemental Educational Opportunity Grant, or a State Student Incentive Grant and that I am not now in default on any loan received under the Federal Perkins Loan Program, (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program (or "FFELP" as defined in the statement of Borrower's Rights and Responsibilities) or, if I am in default, I have made payment arrangements that are satisfactory to the holder.

(5) I authorize my school to pay to the holder any refund, that may be due to me, up to the amount of the loan(s).

(6) I authorize the holder(s) of my loan(s), the guarantor, or their agents, to investigate my credit record and report information concerning my loan status to proper persons and organizations.

(7) I authorize the release of information pertinent to this loan: (i) by the school, current holder, and the guarantor, or their agents, to members of my immediate family unless I affirmatively direct otherwise and; (ii) by and among my schools, lenders, guarantors, subsequent holders, the Department of Education, and their agents.

(8) So that the loan(s) requested can be approved, I authorize the Department of Education to send any information about me that is under its control, including information from the Free Application for Federal Student Aid, to state agencies and nonprofit organizations that administer financial aid programs under the FFELP.

## School Certification

I hereby certify that the borrower named on this Application is accepted for enrollment on at least a half-time basis and is making satisfactory progress in a program that is eligible for this loan type(s) certified. I certify that the loan is an eligible borrower in accordance with the Act. I further certify that the borrower's eligibility for a Pell Grant has been determined, that the borrower is not incarcerated, and that the borrower has been determined eligible for loan(s) in the amount(s) certified. I further certify that the disbursement schedule complies with the requirements of the Act and I hereby authorize the guarantor to adjust disbursement dates if necessary to ensure compliance with the Act. I certify that, based on records available and due inquiry, the borrower has met the requirements of the Selective Service Act, that the borrower is not eligible for an overpayment of any aid program made under the Act, and that when information provided by the borrower and the school section in the Application (including that section supplied in electronic format) is true, complete, and accurate to the best of my knowledge and belief. I agree to provide the borrower with confirmation of any transfer of funds through EFT to the borrower's student account.

1/31/94

For value received, Sallie Mae Servicing Corporation/PA for the Student Loan Marketing Association, hereby assigns and transfers all right, title, and interest arising from this note to United Student Aid Funds without recourse or warranty.

9/13/00        *Ellen Belles*
Date                    Authorized Signature

                    CLAIMS ANALYST
                         Title

... UNDER PENALTY OF
... THAT THE FOLLOWING IS
... AND CORRECT COPY OF THE
... PROMISSORY NOTES"

...ER T. LYON
... DIRECTOR OF SALLIE MAE
... INC. AND AUTHORIZED AGENT
... STUDENT AID FUNDS.

DATE  2-13-07

This Is To Certify That This is
A True and Exact Copy of the
Original Document

Signed *Ellen Belles*

Dated  9/13/00

TRUE COPY OF THE ORIGINAL

## Application and Promissory Note for Federal Stafford Loans (subsidized and unsubsidized)

WARNING: Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097.

Guarantor or Program Identification
ARIZONA EDUCATION LOAN PROGRAM

AZ

SEP 16 1996

WEB STUDENT LOAN

### Borrower Section

Please print neatly or type. Read the instructions carefully.

| 1. Last Name Brezovsky | First Name Sandra | MI K | 2. Social Security Number 7955 |

3. Permanent Street Address (if P.O. Box, see instructions) 2256 N Ellexson

4. Telephone Number 520 682 0685

5. Loan Period (Month/Year) From: 8/96 To: 5/97

City Tucson  State AZ  Zip Code 85743

6. Driver's License Number (list state abbreviation first) AZ B12 397 461

7. Lender Name 1st, Interstate Bank

8. Lender Code, if known 822840

9. Date of Birth (Month/Day/Year)

10. References: You must provide two separate references with different U.S. addresses. The first reference should be a parent or legal guardian (if living). Both references must be completed fully.

Name  1. Robyn Laneves  2. Cindy Stark

Permanent Address

City, State, Zip Code

Area Code/Telephone

Relationship to Borrower

### Loan Assistance Requested

11. I request the following loan type(s), to the extent I am eligible (see instructions):  ☒ a. Subsidized Federal Stafford  ☒ b. Unsubsidized Federal Stafford

12. I request a total amount under these loan types not to exceed (see instructions for loan maximums): My school will certify my eligibility for each loan type for which I am applying. The amount and other details of my loan(s) will be described to me in a disclosure statement.  $ 7500 .00

13. If I check yes, I am requesting postponement (deferment) of repayment for my Stafford and prior SLS loan(s) during the in-school and grace periods. If I check no, I do not want to defer repayment.  ☒ a. Yes, I want a deferment  ☐ b. No, I do not want a deferment

14. If I check yes, I am requesting that the lender add the interest on my unsubsidized Stafford and prior SLS loan(s) which accrues during the in-school and deferment periods, to my loan principal (capitalization). If I check no, I prefer to pay the interest.  ☒ a. Yes, I want my interest capitalized  ☐ b. No, I prefer to pay the interest

15. If my school participates in electronic funds transfer (EFT), I authorize the school to transfer the loan proceeds received by EFT to my student account.  ☒ a. Yes, transfer funds  ☐ b. No, do not transfer funds

### Promissory Note

Continued on the reverse side.

Promise to Pay: I promise to pay to the lender, or a subsequent holder of this Promissory Note, all sums disbursed (hereafter "loan" or "loans") under the terms of this Note, plus interest and other fees which may become due as provided in this Note. If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs, and collection fees. I understand I may cancel or reduce the size of any loan by refusing to accept any disbursement that is issued. I understand that this is a Promissory Note. I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised. I am entitled to an exact copy of this Promissory Note and the Borrower's Rights and Responsibilities. My signature certifies I have read, understand, and agree to the terms and conditions of this Application and Promissory Note, including the Borrower Certification and Authorization printed on the reverse side and the accompanying Borrower's Rights and Responsibilities statement.

THIS IS A LOAN(S) THAT MUST BE REPAID.

16. Borrower's Signature Sandra Brezovsky

Today's Date (Month/Day/Year) 05 28 96

### School Section

To be completed by an authorized school official.

| 17. School Name PIMA COUNTY COMMUNITY CLG | 23. School Code/Branch 007266-00 | 28. Telephone Number (602) 748-4950 |

18. Street Address 4907 E BROADWAY

24. Cost of Attendance $ 5297 .00

29. Recommended Disbursement Date(s) (Month/Day/Year) 1st. 9-8-96  2nd 10-14-96

City TUCSON  State AZ  Zip Code 85709

25. Federal Expected Family Contribution $ 328 .00

3rd  4th

19. Loan Period (Month/Day/Year) From: 8-26-96  To: 12-18-96

26. Estimated Financial Aid $ 910 .00

30. School Certification (See box on the reverse side.)
Signature of Authorized School Official Michele L. Agredano

20. Grade Level 2

27. Certified Loan Amounts a. Subsidized $ 3500 .00

Print or Type Name and Title Michele L. Agredano  Fin Aid Specialist

21. Enrollment Status (Check one.)  ☐ Full Time  ☒ At Least Half Time

b. Unsubsidized $ 886 .00

Date 8-28-96  ☒ Check box if electronically transmitted to guarantor.

22. Anticipated Completion (Graduation) Date (Month/Day/Year) 5-30-97

### Lender Section

To be completed by an authorized lending official.

| 31. Lender Name | 32. Lender Code/Branch | 33. Telephone Number (800) | 34. Lender Use Only |

Street Address

35. Amount(s) Approved a. Subsidized $ 3500 .00  b. Unsubsidized $ 886 .00

City  State  Zip Code

36. Signature of Authorized Lending Official 9/17/96

DEBBIE HOLLETTE, LOAN SPECIALIST
WELLS FARGO BANK·824650

1/31/94

LENDER COPY

Poor Source Original Document Retained

... UNDER PENALTY OF
... THAT THE FOLLOWING IS
TRUE AND CORRECT COPY OF THE
ORIGINAL PROMISSORY NOTES"

... ER T. LYON
... ING DIRECTOR OF SALLIE MAE
SERVICING INC. AND AUTHORIZED AGENT
FOR UNITED STUDENT AID FUNDS.

DATE ___ 7-13-07

TRUE COPY OF THE ORIGINAL

# Promissory Note (continued)

## Disclosure of Terms

This Note applies to subsidized and unsubsidized Federal Stafford Loans. I agree that the lender or any subsequent holder may assign my loan(s) and acknowledge that either loan may be assigned independently of the other loan to which this Note applies.

At or before the time of my first disbursement, the lender will send me a disclosure statement identifying additional terms of each loan. Important additional information is also disclosed in the statement of Borrower's Rights and Responsibilities accompanying this Note.

## Interest

Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) are those specified in the Higher Education Act of 1965, as amended, and applicable U.S. Department of Education regulations (collectively referred to as the Act). The rate is presented in the statement of Borrower's Rights and Responsibilities.

Interest accrues on the unpaid principal balance of each loan from the date of disbursement by the lender until the entire principal balance is paid in full. I agree to pay all interest charges on my unsubsidized Federal Stafford Loan. I agree to pay all interest charges on my subsidized Federal Stafford Loan except interest payable by the federal government under the Act.

Unless I have requested that the interest that accrues on my unsubsidized Federal Stafford Loan be added to the principal balance of my loan (referred to as capitalization), I will begin paying interest when the beginning of principal repayment; or during a period of authorized deferment or forbearance, I agree that the holder may capitalize such interest to the extent permitted by the Act.

## Origination Fee and Guarantee Fee

For each loan, the federal government charges an origination fee equal to the amount required by the Act. The guaranty agency that guarantees my loan(s) (the guarantor) may charge a guarantee fee not to exceed a maximum amount specified in the Act. I will pay these fees, as identified in the disclosure statement, which will be deducted proportionately from each disbursement of my loan(s). I understand the origination and guarantee fees are refundable only if a disbursement is cancelled or repaid in full within 120 days of disbursement.

## Late Charges and Collection Costs

If I fail to make any part of an installment payment within 10 days after it becomes due, the holder may collect from me a late charge not to exceed 6% of each late installment. If I default on a loan(s), I shall pay reasonable collection fees and costs, plus court costs and attorney fees.

## Repayment

I am obligated to repay the full amount of the loan(s) and accrued interest. Federal Stafford Loans have a repayment grace period, usually until six months after I end enrollment as at least a half-time student at an eligible school. My grace period will be disclosed in my disclosure statement.

I will repay the principal of my loan(s) in periodic installments during a repayment period(s) that begins on the day immediately following the end of my grace period. My principal repayment period for each loan generally lasts five years but may not exceed 10 years, exclusive of any period of deferment or forbearance.

The holder of my loan(s) will provide me with a repayment schedule that identifies my payment amounts and due dates. The minimum annual payment required on all my Federal Stafford, PLUS, and SLS Loans is $600 or the amount of interest due and payable, whichever is larger. If I am eligible and I request it, my lender must provide me with a graduated or income-sensitive repayment schedule consistent with the provisions of the Act.

My repayment schedule may include all of my Federal Family Education Loans that are owned by the holder of this Note. I agree that the holder may grant me a forbearance for purposes of aligning payment dates on my loans or to eliminate a delinquency that persists even though I am making scheduled payments.

I may prepay all or any part of the unpaid balance on my loans at any time without penalty. If I do not specify which loans I am prepaying, the holder will determine how to apply the prepayment.

1/31/94

## Acceleration and Default

At the option of the holder, the entire unpaid balance shall become immediately due and payable upon the occurrence of any one of the following events: (I) I fail to enroll as at least a half-time student at the school that certified my Application; (II) I fail to use the proceeds of the loan(s) solely for educational expenses; (III) I make a false representation(s) that results in my receiving a loan(s) for which I am not eligible; or (IV) I default on the loan(s).

The following events shall constitute a default on a loan: (I) I fail to pay the entire unpaid balance after the holder has exercised its option under the preceding paragraph; or (II) I fail to make installment payments when due, or fail to comply with other terms of the loan(s), and the guarantor reasonably concludes I no longer intend to honor my repayment obligation, provided my failure has persisted for at least 180 days for payments due monthly or 240 days for payments due less frequently than monthly. If I default, the guarantor may purchase my loan, and capitalize all then-outstanding interest into a new principal balance, and collection fees will become immediately due and payable.

If I default, this will be reported to national credit bureaus and will significantly and adversely affect my credit history. I acknowledge that a default shall have additional adverse consequences to me as disclosed in the statement of Borrower's Rights and Responsibilities. Following default, the loan(s) may be subject to income-contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

## Governing Law and Notices

The terms of this Note will be interpreted in accordance with the Higher Education Act of 1965, as amended [20 U.S.C. 1070 et seq.], other applicable federal statutes and regulations, and the guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies, and defenses in addition to those stated in this Note.

If this loan is made by the school, or if the proceeds of this loan are used to pay tuition and charges of a for-profit school that refers loan applicants to the lender, or that is affiliated with the lender by common control, contract, or business arrangement, any holder of this Note is subject to all claims and defenses which I could assert against the school. My recovery under this provision shall not exceed the amount I paid on this loan.

If I reside in the state in which the principal office of the guarantor is located, the guarantor may sue to enforce this loan in the county in which the guarantor's office is located. However, if I object to being sued there and I mail a written objection to the guarantor that is postmarked no later than 30 days after I am served with the suit, the guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if mailed by first class mail to the latest address I have provided to the holder of this Note, or if the holder reasonably determines that this address is no longer my address, to the latest address secured by the holder from the Department of Education or other reliable source. Failure by the holder to enforce or insist on compliance with any term on this Note shall not be a waiver of any right of the holder. No provision of this Note may be modified or waived except in writing. If any provision of this Note is determined to be unenforceable, the remaining provisions shall remain in force.

## School Certification

I hereby certify that the borrower named on this Application is accepted for enrollment on at least a half-time basis and is making satisfactory progress in a program that is eligible for the loan type(s) certified. I certify that the student is an eligible borrower in accordance with the Act. I further certify that the borrower's eligibility for a Pell Grant has been determined, that the borrower is not-incarcerated, and that the borrower has been determined eligible for loan(s) in the amount(s) certified. I further certify that the disbursement schedule complies with the requirements of the Act and hereby authorize the guarantor to adjust disbursement dates.

## Borrower Certification and Authorization

I declare under penalty of perjury that the following is true and correct:

(1) I certify that the information contained in the Borrower Section of the Application is true, complete, and correct to the best of my knowledge and belief and is made in good faith.

(2) I certify that I will immediately repay any loan proceeds that cannot reasonably be attributed to educational expenses for attendance on at least a half-time basis at the certifying school for the loan period certified on the Application.

(3) I certify that the total amount of loans I receive under this Note will not exceed the allowable maximums under the Act.

(4) I certify that I do not now owe a refund on a Federal Pell Grant, Basic Educational Opportunity Grant, Supplemental Educational Opportunity Grant, or a State Student Incentive Grant and that I am not now in default on any loan received under the Federal Perkins Loan Program (including NDSL loans), the Federal Direct Loan Program, or the Federal Family Education Loan Program (or "FFELP" as defined in the Statement of Borrower's Rights and Responsibilities) or, if I am in default, I have made payment arrangements that are satisfactory to the holder.

(5) I authorize my school to pay to the holder any refund that may be due to me, up to the amount of the loan(s).

(6) I authorize the holder(s) of my loan(s), the guarantor, or their agents, to investigate my credit record and report information concerning my loan status to proper persons and organizations.

(7) I authorize the release of information pertinent to this loan: (i) by the school, current holder, and the guarantor, or their agents, to members of my immediate family unless I submit written directions otherwise and, (ii) by and amongst my schools, lenders, guarantors, subsequent holders, the Department of Education, and their agents.

(8) So that the loan(s) requested can be approved, I authorize the Department of Education to send any information about me that is under its control, including information from the Free Application for Federal Student Aid, to state agencies and nonprofit organizations that administer financial aid programs under the FFELP.

*Poor Source Original*
*Document Retained*

If necessary to ensure compliance with the Act, I further certify that, based on records available and due inquiry, the borrower has met the requirements of the Selective Service Act, that the borrower is not liable for an overpayment of any federal grant made under the Act, and that the information provided in the Borrower and the School Sections of the Application (including information supplied in electronic format) is true, complete, and accurate to the best of my knowledge and belief. I agree to provide the borrower with confirmation of any transfer of funds through EFT to the borrower's student account.



**USAFunds**

UNITED STUDENT AID FUNDS, INC.
C/O SALLIE MAE, INC.
P.O. BOX 6108
INDIANAPOLIS IN 46206-6108

### IDEMNIFICATION AGREEMENT FOR THE ASSIGNMENT OF FEDERAL FAMILY EDUCATION LOAN WITH DAMAGED PROMISSORY NOTE OR PROMISSORY NOTE WITH UNINITIALED ALTERATIONS

Borrower's Current Name:  ___BREZOVSKY SANDRA K___
                          (Last, First, Middle)

Borrower's Previous Name: _____
                          (Last, First, Middle)

Borrower's Correct SSN:   ████-7955_____

First Disbursement Date:  __01/13/1994_____

Last Disbursement Date:   __01/13/1994_____

Disbursement Amount:      __$3,500.00_____

In assigning Stafford Student Loans/Supplemental Loans for Students/Parent (PLUS) Loans/Consolidated Loans to the Secretary of Education (hereinafter "the Secretary"), United Student Aid Funds, Inc.  (hereinafter "Guaranty Agency") agrees that if any loan assigned to the Secretary by the Guaranty Agency without an original promissory note or certified true copy in good condition should become uncollectible by reason of such damaged promissory note or because it contains alterations without the borrower's intials, or if the Secretary, in his sole discretion, determines that the loan cannot be enforced because of the damaged or altered promissory note, the Secretary is entitled to recover from the Guaranty Agency the amount of reinsurance attributable to such loan previously paid to the Guaranty Agency, plus interest from the date the reinsurance was paid.  The Secretary may recover amounts due under this agreement by withholding such amounts from any payments due to the Guaranty Agency from the Department of Education.

The Guaranty Agency also agrees that the assignment of any loan covered by this Agreement includes the assignment to the Secretary of any rights held by the Guaranty Agency under any indemnification agreement or warranty executed by the lender in favor of the Guaranty Agency (lender indemnification agreement).  In the event the Secretary recovers from the Guaranty Agency the amount paid in reinsurance for a loan covered by the agreement, the Secretary will release to the Guaranty Agency his rights in the applicable lender indemnification agreement.

06/13/2007
DATE

_____
Signature of Guaranty Agency Official

Kristofer Lyon
Vice President DMO Portfolio Management
as authorized agent for
United Student Aid Funds, Inc.

DSUAUS


**USAFunds**

UNITED STUDENT AID FUNDS, INC.
C/O SALLIE MAE, INC.
P.O. BOX 6108
INDIANAPOLIS IN 46206-6108

### IDEMNIFICATION AGREEMENT FOR THE ASSIGNMENT OF FEDERAL FAMILY EDUCATION LOAN WITH DAMAGED PROMISSORY NOTE OR PROMISSORY NOTE WITH UNINITIALED ALTERATIONS

Borrower's Current Name:  __BREZOVSKY SANDRA K__
                          (Last, First, Middle)

Borrower's Previous Name: _____
                          (Last, First, Middle)

Borrower's Correct SSN:   ████-7955

First Disbursement Date:  __08/09/1994__

Last Disbursement Date:   __01/04/1995__

Disbursement Amount:      __$3,500.00__

In assigning Stafford Student Loans/Supplemental Loans for Students/Parent (PLUS) Loans/Consolidated Loans to the Secretary of Education (hereinafter "the Secretary"), United Student Aid Funds, Inc.  (hereinafter "Guaranty Agency") agrees that if any loan assigned to the Secretary by the Guaranty Agency without an original promissory note or certified true copy in good condition should become uncollectible by reason of such damaged promissory note or because it contains alterations without the borrower's intials, or if the Secretary, in his sole descretion, determines that the loan cannot be enforced because of the damaged or altered promissory note, the Secretary is entitled to recover from the Guaranty Agency the amount of reinsurance attributable to such loan previously paid to the Guaranty Agency, plus interest from the date the reinsurance was paid.  The Secretary may recover amounts due under this agreement by withholding such amounts from any payments due to the Guaranty Agency from the Department of Education.

The Guaranty Agency also agrees that the assignment of any loan covered by this Agreement includes the assignment to the Secretary of any rights held by the Guaranty Agency under any indemnification agreement or warranty executed by the lender in favor of the Guaranty Agency (lender indemnification agreement).  In the event the Secretary recovers from the Guaranty Agency the amount paid in reinsurance for a loan covered by the agreement, the Secretary will release to the Guaranty Agency his rights in the applicable lender indemnification agreement.

06/13/2007
DATE

_____
Signature of Guaranty Agency Official

Kristofer Lyon
Vice President DMO Portfolio Management
as authorized agent for
United Student Aid Funds, Inc.

DSUAUS


USAFunds

UNITED STUDENT AID FUNDS, INC.
C/O SALLIE MAE, INC.
P.O. BOX 6108
INDIANAPOLIS IN 46206-6108

### IDEMNIFICATION AGREEMENT FOR THE ASSIGNMENT OF FEDERAL FAMILY EDUCATION LOAN WITH DAMAGED PROMISSORY NOTE OR PROMISSORY NOTE WITH UNINITIALED ALTERATIONS

Borrower's Current Name: __BREZOVSKY SANDRA K__
(Last, First, Middle)

Borrower's Previous Name: _____
(Last, First, Middle)

Borrower's Correct SSN: ████-7955

First Disbursement Date: __09/20/1994__

Last Disbursement Date: __01/03/1995__

Disbursement Amount: __$4,000.00__

In assigning Stafford Student Loans/Supplemental Loans for Students/Parent (PLUS) Loans/Consolidated Loans to the Secretary of Education (hereinafter "the Secretary"), United Student Aid Funds, Inc. (hereinafter "Guaranty Agency") agrees that if any loan assigned to the Secretary by the Guaranty Agency without an original promissory note or certified true copy in good condition should become uncollectible by reason of such damaged promissory note or because it contains alterations without the borrower's intials, or if the Secretary, in his sole descretion, determines that the loan cannot be enforced because of the damaged or altered promissory note, the Secretary is entitled to recover from the Guaranty Agency the amount of reinsurance attributable to such loan previously paid to the Guaranty Agency, plus interest from the date the reinsurance was paid. The Secretary may recover amounts due under this agreement by withholding such amounts from any payments due to the Guaranty Agency from the Department of Education.

The Guaranty Agency also agrees that the assignment of any loan covered by this Agreement includes the assignment to the. Secretary of any rights held by the Guaranty Agency under any indemnification agreement or warranty executed by the lender in favor of the Guaranty Agency (lender indemnification agreement). In the event the Secretary recovers from the Guaranty Agency the amount paid in reinsurance for a loan covered by the agreement, the Secretary will release to the Guaranty Agency his rights in the applicable lender indemnification agreement.

06/13/2007
DATE

_____
Signature of Guaranty Agency Official

Kristofer Lyon
Vice President DMO Portfolio Management
as authorized agent for
United Student Aid Funds, Inc.

DSUAUS


USAFunds

UNITED STUDENT AID FUNDS, INC.
C/O SALLIE MAE, INC.
P.O. BOX 6108
INDIANAPOLIS IN 46206-6108

## IDEMNIFICATION AGREEMENT FOR THE ASSIGNMENT OF FEDERAL
## FAMILY EDUCATION LOAN WITH DAMAGED PROMISSORY NOTE OR
## PROMISSORY NOTE WITH UNINITIALED ALTERATIONS

Borrower's Current Name:   BREZOVSKY SANDRA K
                          (Last, First, Middle)

Borrower's Previous Name: _____
                          (Last, First, Middle)

Borrower's Correct SSN:    ████-7955

First Disbursement Date:   10/06/1995

Last Disbursement Date:    12/29/1995

Disbursement Amount:       $4,000.00

In assigning Stafford Student Loans/Supplemental Loans for Students/Parent
(PLUS) Loans/Consolidated Loans to the Secretary of Education (hereinafter "the
Secretary"), United Student·Aid Funds, Inc. (hereinafter "Guaranty Agency")
agrees that if any loan assigned to the Secretary by the Guaranty Agency
without an original promissory note or certified true copy in good condition
should become uncollectible by reason of such damaged promissory note or
because it contains alterations without the borrower's intials, or if the
Secretary, in his sole descretion, determines that the loan cannot be enforced
because of the damaged or altered promissory note, the Secretary is entitled to
recover from the Guaranty Agency the amount of reinsurance attributable to such
loan previously paid to the Guaranty Agency, plus interest from the date the
reinsurance was paid. The Secretary may recover amounts due under this
agreement by withholding such amounts from any payments due to the Guaranty
Agency from the Department of Education.

The Guaranty Agency also agrees that the assignment of any loan covered by this
Agreement includes the assignment to the Secretary of any rights held by the
Guaranty Agency under any indemnification agreement or warranty executed by the
lender in favor of the Guaranty Agency (lender indemnification agreement). In
the event the Secretary recovers from the Guaranty Agency the amount paid in
reinsurance for a loan covered by the agreement, the Secretary will release to
the Guaranty Agency his rights in the applicable lender indemnification
agreement.

06/13/2007
DATE                        _____
                            Signature of Guaranty Agency Official

                            Kristofer Lyon
                            Vice President DMO Portfolio Management
                            as authorized agent for
                            United Student Aid Funds, Inc.

DSUAUS


**USAFunds**

UNITED STUDENT AID FUNDS, INC.
C/O SALLIE MAE, INC.
P.O. BOX 6108
INDIANAPOLIS IN 46206-6108

### IDEMNIFICATION AGREEMENT FOR THE ASSIGNMENT OF FEDERAL FAMILY EDUCATION LOAN WITH DAMAGED PROMISSORY NOTE OR PROMISSORY NOTE WITH UNINITIALED ALTERATIONS

Borrower's Current Name:   __BREZOVSKY SANDRA K__
                              (Last, First, Middle)

Borrower's Previous Name: _____
                              (Last, First, Middle)

Borrower's Correct SSN:     █████-7955

First Disbursement Date:   __10/06/1995__

Last Disbursement Date:   __12/29/1995__

Disbursement Amount:   __$3,500.00__

In assigning Stafford Student Loans/Supplemental Loans for Students/Parent (PLUS) Loans/Consolidated Loans to the Secretary of Education (hereinafter "the Secretary"), United Student Aid Funds, Inc. (hereinafter "Guaranty Agency") agrees that if any loan assigned to the Secretary by the Guaranty Agency without an original promissory note or certified true copy in good condition should become uncollectible by reason of such damaged promissory note or because it contains alterations without the borrower's intials, or if the Secretary, in his sole descretion, determines that the loan cannot be enforced because of the damaged or altered promissory note, the Secretary is entitled to recover from the Guaranty Agency the amount of reinsurance attributable to such loan previously paid to the Guaranty Agency, plus interest from the date the reinsurance was paid. The Secretary may recover amounts due under this agreement by withholding such amounts from any payments due to the Guaranty Agency from the Department of Education.

The Guaranty Agency also agrees that the assignment of any loan covered by this Agreement includes the assignment to the Secretary of any rights held by the Guaranty Agency under any indemnification agreement or warranty executed by the lender in favor of the Guaranty Agency (lender indemnification agreement). In the event the Secretary recovers from the Guaranty Agency the amount paid in reinsurance for a loan covered by the agreement, the Secretary will release to the Guaranty Agency his rights in the applicable lender indemnification agreement.

__06/13/2007__
DATE

_____
Signature of Guaranty Agency Official

Kristofer Lyon
Vice President DMO Portfolio Management
as authorized agent for
United Student Aid Funds, Inc.

DSUAUS


**USAFunds**

UNITED STUDENT AID FUNDS, INC.
C/O SALLIE MAE, INC.
P.O. BOX 6108
INDIANAPOLIS IN 46206-6108

### IDEMNIFICATION AGREEMENT FOR THE ASSIGNMENT OF FEDERAL FAMILY EDUCATION LOAN WITH DAMAGED PROMISSORY NOTE OR PROMISSORY NOTE WITH UNINITIALED ALTERATIONS

Borrower's Current Name:  __BREZOVSKY SANDRA K__
                              (Last, First, Middle)

Borrower's Previous Name:  _____
                              (Last, First, Middle)

Borrower's Correct SSN:  ██-7955 _____

First Disbursement Date:  __09/19/1996_____

Last Disbursement Date:  __10/14/1996_____

Disbursement Amount:  __$3,500.00_____

In assigning Stafford Student Loans/Supplemental Loans for Students/Parent (PLUS) Loans/Consolidated Loans to the Secretary of Education (hereinafter "the Secretary"), United Student Aid Funds, Inc. (hereinafter "Guaranty Agency") agrees that if any loan assigned to the Secretary by the Guaranty Agency without an original promissory note or certified true copy in good condition should become uncollectible by reason of such damaged promissory note or because it contains alterations without the borrower's intials, or if the Secretary, in his sole descretion, determines that the loan cannot be enforced because of the damaged or altered promissory note, the Secretary is entitled to recover from the Guaranty Agency the amount of reinsurance attributable to such loan previously paid to the Guaranty Agency, plus interest from the date the reinsurance was paid. The Secretary may recover amounts due under this agreement by withholding such amounts from any payments due to the Guaranty Agency from the Department of Education.

The Guaranty Agency also agrees that the assignment of any loan covered by this Agreement includes the assignment to the Secretary of any rights held by the Guaranty Agency under any indemnification agreement or warranty executed by the lender in favor of the Guaranty Agency (lender indemnification agreement). In the event the Secretary recovers from the Guaranty Agency the amount paid in reinsurance for a loan covered by the agreement, the Secretary will release to the Guaranty Agency his rights in the applicable lender indemnification agreement.

__06/13/2007__
DATE

_____
Signature of Guaranty Agency Official

Kristofer Lyon
Vice President DMO Portfolio Management
as authorized agent for
United Student Aid Funds, Inc.

DSUAUS


**USAFunds**

UNITED STUDENT AID FUNDS, INC.
C/O SALLIE MAE, INC.
P.O. BOX 6108
INDIANAPOLIS IN 46206-6108

### IDEMNIFICATION AGREEMENT FOR THE ASSIGNMENT OF FEDERAL FAMILY EDUCATION LOAN WITH DAMAGED PROMISSORY NOTE OR PROMISSORY NOTE WITH UNINITIALED ALTERATIONS

Borrower's Current Name:  __BREZOVSKY SANDRA K__
                          (Last, First, Middle)

Borrower's Previous Name:  _____
                          (Last, First, Middle)

Borrower's Correct SSN:    ████-7955

First Disbursement Date:   __09/19/1996__

Last Disbursement Date:    __10/14/1996__

Disbursement Amount:       __$886.00__

In assigning Stafford Student Loans/Supplemental Loans for Students/Parent (PLUS) Loans/Consolidated Loans to the Secretary of Education (hereinafter "the Secretary"), United Student Aid Funds, Inc.  (hereinafter "Guaranty Agency") agrees that if any loan assigned to the Secretary by the Guaranty Agency without an original promissory note or certified true copy in good condition should become uncollectible by reason of such damaged promissory note or because it contains alterations without the borrower's intials, or if the Secretary, in his sole descretion, determines that the loan cannot be enforced because of the damaged or altered promissory note, the Secretary is entitled to recover from the Guaranty Agency the amount of reinsurance attributable to such loan previously paid to the Guaranty Agency, plus interest from the date the reinsurance was paid.  The Secretary may recover amounts due under this agreement by withholding such amounts from any payments due to the Guaranty Agency from the Department of Education.

The Guaranty Agency also agrees that the assignment of any loan covered by this Agreement includes the assignment to the Secretary of any rights held by the Guaranty Agency under any indemnification agreement or warranty executed by the lender in favor of the Guaranty Agency (lender indemnification agreement).  In the event the Secretary recovers from the Guaranty Agency the amount paid in reinsurance for a loan covered by the agreement, the Secretary will release to the Guaranty Agency his rights in the applicable lender indemnification agreement.

__06/13/2007__
DATE

_____
Signature of Guaranty Agency Official

Kristofer Lyon
Vice President DMO Portfolio Management
as authorized agent for
United Student Aid Funds, Inc.

DSUAUS

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Sandra Brezovsky

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Douglas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff
☐ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☒ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from Another District *(specify)*
☐ 6  Multidistrict Litigation - Transfer
☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Indebtedness due to the United States pursuant to 34 CFR Part 682 and 20 USC 1071-1087 Title IV-B
Brief description of cause:
Defaulted Student Loan

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE  3/23/18

SIGNATURE OF ATTORNEY OF RECORD
Kathleen L. Bickers, AUSA

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE